IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Tamerlane Timur Bey, II<br><br>**Debtor(s)**. | CASE NO. 26-62896-lrc<br>CHAPTER 7<br><br>Judge Lisa Ritchey Craig |
| 2018-4 IH Borrower LP<br><br>**Movant**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents**. | |

**MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(B)(22)**

COMES NOW, 2018-4 IH Borrower LP (hereinafter "Movant"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, files this request for an order confirming that no automatic stay is in effect in the above-referenced bankruptcy case pursuant to 11 U.S.C. § 362(b)(22) (hereinafter, the "Motion"), respectfully showing this honorable Court as follows:

1.

Tamerlane Timur Bey, II (hereinafter, "Debtor") filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code on September 25, 2026, and is, therefore, subject to the jurisdiction of the Court.

2.

[1] As of September 27, 2026, no appointed Chapter 7 Trustee appears of-record on this Court's docket

Movant is the landlord for debtor Tamerlane Timur Bey, II ("Debtor"), for that certain residential real property located at 172 N. Mill Road, Atlanta, GA 30328 (the "Property"), as further evidenced by that certain residential lease agreement attached hereto as **Exhibit A**.

3.

This Court has jurisdiction over this Motion pursuant to 11 U.S.C. §§ 362 and 363.

4.

On July 1, 2026, Movant commenced a dispossessory proceeding against Debtor for possession and monetary judgment for the Property due to non-payment of rent. Said dispossessory proceeding was filed with the Magistrate Court of Fulton County, Georgia, as assigned case number 26ED392744 ("Dispossessory").

5.

Debtor filed a timely answer to the Dispossessory; on August 13, 2026, a hearing was noticed in the Dispossessory. At said hearing, Debtor and Movant entered into a consent agreement, wherein Debtor agreed to pay $11,190.35 in certified funds on/before August 27,2026, or a writ of possession would issue ("Order"). A true and accurate copy of said Order is attached hereto as **Exhibit B**.

6.

Debtor failed to comply with the consent Order; resultingly, on or about August 28, 2026, Movant applied for a writ of possession within the Dispossessory. On September 16, 2026, the Magistrate Court of Fulton County granted Movant a writ of possession as to the Property; a true and correct copy of said writ of possession is attached hereto as **Exhibit C**.

7.

Movant obtained a judgment for possession against Debtor prior to the initiation of this Action, with a writ of possession additionally awarded prior to the initiation of this Action authorizing Movant to recover possession of the Property.

8.

Georgia law does not provide for a right of redemption for a residential tenant after a judgment has been entered against said tenant. See generally O.C.G.A. § 44-7-50 *et. seq*.

9.

Notwithstanding the foregoing, Debtor filed an Official Form 101A with this Court and purportedly submitted thirty days' rent. *See* Doc. 5.

10.

Form 101A, as filed by Debtor, similarly acknowledges Georgia law having no right of redemption for a residential tenant after a judgment has been entered against said tenant. *See* Doc. 5 (first checkbox in the certification not checked). *See also* In re Mitchell, 2013 WL 5567200 (N.D. Ga. Aug. 2, 2013) ("Debtor did not make the required certifications regarding her ability to cure the monetary default after the writ of possession had been entered, and the court is not aware of any authority allowing her to do so.")

11.

Debtor's certification fails to comply with 11 U.S.C.A. § 362(l)(1)(A), and any representation to the contrary by Debtor would be knowingly filed in bad faith and without any support under color of Georgia law.

12.

Additionally, Debtor has communicated with both counsel for Movant and the Fulton County Marshal, improperly asserting (via what appears to be the use of generative artificial

intelligence) that an automatic stay is in effect which otherwise inhibits Movant from executing upon the writ of possession to recover possession of the Property under Georgia law. A true and accurate copy of a portion of such correspondence is attached hereto as **Exhibit D**.

13.

Pursuant to 11 U.S.C.A. § 362(b)(22), no automatic stay goes into effect upon the filing of a bankruptcy to otherwise prevent "the continuation of any eviction… by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease… and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."

14.

No exception to 11 U.S.C.A. § 362(b)(22) otherwise exists, as set forth above.

15.

No automatic stay has gone into effect, as set forth above, and Movant resultingly is authorized under law to proceed to execute on the writ of possession issued by state court prior to the filing of the instant action. *See also* In re Mitchell, 2013 WL 5567200 (N.D. Ga. Aug. 2, 2013) ("[Since Debtor did not certify pursuant to 11 U.S.C.A. § 362(l)(1)(A)], the 30-day delay provided under § 362(l) is not in effect.")

16.

Notwithstanding the foregoing, based on Debtor's ongoing AI-generated communications with the state court and the Fulton County Marshal (who executes setouts as a law enforcement division of Fulton County), Movant harbors under the peril of being subject to the knowledge of a Fulton County Marshal vis a vis bankruptcy law, which poses the very real peril of functionally inhibiting Movant from lawfully executing upon the writ of possession.

Movant seeks an order affirming that the automatic stay is not in effect to otherwise prevent Movant from proceeding with lawfully executing upon the writ of possession issued by the state court pre-petition. In re Mitchell, 2013 WL 5567200 at *2 (N.D. Ga. Aug. 2, 2013) (Judge Diehl issuing order affirming that the automatic stay is not in effect, and that Movant may proceed with recovering possession of the property.)

WHEREFORE, Movant prays for the following relief:

(a) That this Court grant Movant's Request and Issue an Order affirming that no automatic stay is in effect to otherwise prevent execution upon the pre-petition writ of possession as to the Property;

(b) That the Court award Movant its attorney's fees and costs in bringing of this Motion; and

(c) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Sunday, September 27, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

**CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(B)(22)*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

[no such parties currently listed in the Docket]

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Tamerlane Timur Bey, II, pro se Debtor
172 North Mill Rd
Sandy Springs, GA 30328

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Dated: Sunday, September 27, 2026.

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com