**Matthew Totten**

| | |
|---|---|
| **From:** | Timur Bey 2 <tbeyii@gmail.com> |
| **Sent:** | Friday, September 25, 2026 6:59 PM |
| **To:** | Matthew Totten |
| **Cc:** | Alexis.Blackburn@fultoncountyga.gov; LaCresia Solomon; Patricia Williams; Kiara Bradix; Angela Belton; Zhakerra Hughes; FCMarshal@fultoncountyga.gov; Carolyn stover; Central Evictions IH; FCMD.Evictions@fultoncountyga.gov |
| **Subject:** | FORMAL RESPONSE — 11 U.S.C. §§ 362(b)(22) & 362(l) / Prepetition Judgment and Writ |
| **Attachments:** | attachment 1.pdf |

**External Sender** - From: (Timur Bey 2 <tbeyii@gmail.com>) Learn More
This message came from outside your organization.

Counsel,

I am responding to your statement concerning the effect of my bankruptcy filing on the pending eviction and writ of possession.

For clarity, I am not asserting that the bankruptcy filing permanently vacates, reverses, or extinguishes the state-court judgment or writ.

My position is that your statement that a post-judgment/post-writ bankruptcy categorically does not invoke the statutory protections contemplated by 11 U.S.C. § 362(l) is broader than the language of the Bankruptcy Code and requires further legal analysis under the particular facts of this case.

## 1. Section 362(b)(22) expressly incorporates § 362(l)

11 U.S.C. § 362(b)(22) creates an exception to the automatic stay for the continuation of a residential eviction where a judgment for possession was obtained before the bankruptcy filing.

Critically, however, § 362(b)(22) expressly states that this exception is:

"subject to subsection (l)."

Therefore, the existence of a prepetition judgment for possession does not, standing alone, resolve whether the statutory procedure contained in § 362(l) applies.

## 2. Section 362(l) expressly addresses a prepetition judgment for possession

Section 362(l)(1) expressly contemplates the situation in which a debtor files bankruptcy after a judgment for possession has already been entered.

The statute establishes a procedure involving:

(1) the debtor's certification concerning whether applicable nonbankruptcy law permits the debtor to cure the entire monetary default after entry of the judgment for possession; and

(2) the required deposit with the Bankruptcy Court of the rent that would become due during the 30-day period following the bankruptcy filing.

Accordingly, the statutory analysis cannot end simply with the statement that the judgment or writ preceded the bankruptcy filing.

The actual question is whether the requirements of § 362(l) are satisfied under the applicable Georgia law and the specific judgment and writ involved here.

## 3. Official Form B101A confirms that this issue exists even when an eviction judgment already exists

Official Form B101A is specifically entitled:

"Initial Statement About an Eviction Judgment Against You."

The form contains a section entitled:

"Stay of Eviction"

and specifically addresses the:

"First 30 days after bankruptcy."

The Northern District of Georgia Bankruptcy Court's own published instructions identify 11 U.S.C. §§ 362(b)(22) and 362(l) as the applicable provisions.

The existence of Form B101A itself demonstrates that Congress contemplated a bankruptcy filing occurring after an eviction judgment had already been entered.

## 4. I acknowledge the Georgia authorities concerning post-writ cure

I have reviewed the Northern District of Georgia decisions addressing this precise issue, including *Newson-Pace v. New Columbia Residential*, AP No. 14-5354, and the Court's earlier decisions addressing § 362(l) and a prepetition writ of possession.

I understand that those decisions found § 362(b)(22) applicable where the debtor could not establish, under Georgia law, a right to cure the monetary default after issuance of the writ.

I am therefore not disputing that Georgia law is relevant.

Rather, that is precisely why I am requesting that you identify the specific Georgia authority and the specific language of the judgment/writ upon which you rely in asserting that § 362(l)(1)(A) cannot be satisfied in this particular case.

## 5. Your statement should not be construed as establishing that § 362(l) is categorically unavailable

The published Georgia bankruptcy decisions do not support the proposition that every bankruptcy filed after a writ of possession is categorically outside § 362(l).

They analyze whether the debtor had a right under applicable Georgia law to cure the monetary default after the judgment for possession.

That factual and legal inquiry is therefore material.

If you contend that my § 362(l) certification is legally unavailable, please identify:

• the specific Georgia statute;

• the controlling Georgia appellate authority;

• the specific provision of the judgment;

• the specific provision of the writ; and

• the authority establishing that, under the precise circumstances of this tenancy, there is no circumstance under which the monetary default may be cured after the judgment for possession.

## 6. The Bankruptcy Court has a statutory mechanism for resolving a disputed certification

Section 362(l)(3) expressly provides a procedure for a lessor to object to the debtor's certification.

Where the lessor objects, the Bankruptcy Court is authorized to determine whether the certification is true.

Accordingly, if your client disputes the factual or legal basis for my certification, I request that you identify whether your client intends to proceed under the statutory procedure provided by § 362(l)(3), rather than treating the issue as categorically resolved merely because the writ predates the bankruptcy filing.

## 7. The filing and rent deposit

For the record:

• The bankruptcy petition was filed September 25, 2026.

• Form B101A was filed concerning the eviction judgment.

• The applicable rent deposit was made with the Bankruptcy Court.

• Documentation concerning the state-court eviction matter was submitted to the Magistrate Court on September 25, 2026 at approximately 4:58 p.m.

• Magistrate Court envelope number: 23047848.

I am preserving the petition, Form B101A, deposit documentation, judgment, writ, filing confirmation, and all communications concerning notice.

## 8. Notice and preservation of the record

You and your client have now received actual notice of the bankruptcy filing and of my position concerning §§ 362(b)(22) and 362(l).

The Fulton County Marshal Department has likewise been notified.

This correspondence is being preserved and will be included in the federal bankruptcy record as appropriate.

I am not asking you to treat this email as a substitute for a filing with the Bankruptcy Court. I understand that matters requiring judicial determination must be presented through the appropriate federal-court procedure.

I am, however, placing you and your client on express notice that I dispute the characterization that the existence of the prepetition writ alone eliminates consideration of § 362(l).

## 9. Continued enforcement

If your client elects to continue pursuing execution of the writ, I request that counsel first address the applicability of § 362(l) and the statutory objection procedure provided by Congress.

If your client contends that no stay or § 362(l) protection exists, please identify the specific legal authority supporting that conclusion as applied to this particular case.

I reserve all rights and remedies available under the Bankruptcy Code and applicable law, including any remedies that may become available if an action is ultimately determined by the Bankruptcy Court to have violated an applicable stay.

This correspondence is intended to make the legal issue clear, preserve the record, and ensure that the parties proceed based upon the Bankruptcy Code and applicable Georgia authority rather than an assumption that every post-writ bankruptcy is automatically excluded from § 362(l).

Respectfully,

TAMERLANE BEY II
Debtor, Pro Se
Bankruptcy Case No.: 26-62896
(347) 542-8565
Tbeyii@gmail.com