FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 SEP 29 P 4:07
VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

Emergency

**DEBTOR'S RESPONSE AND OBJECTION TO MOVANT'S MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(b)(22)**

COMES NOW the Debtor, Tamerlane Timur Bey, II, appearing pro se, and respectfully submits this Response and Objection to Movant's Motion for Order Confirming No Stay in Effect Pursuant to 11 U.S.C. § 362(b)(22), Doc. 7, and respectfully states as follows:

## INTRODUCTION

1. The Debtor commenced this Chapter 7 case by filing a voluntary petition on **September 25, 2026**.

2. Movant's Motion does not merely provide notice of the bankruptcy filing. Movant affirmatively requests that this Court enter an order determining that no automatic stay is in effect and confirming Movant's ability to proceed with execution of the prepetition writ of possession.

3. The Debtor respectfully objects to entry of the requested order and requests that the Court determine the issues presented under the Bankruptcy Code based upon the complete record.

4. The Debtor acknowledges the existence of the prepetition state-court proceedings and writ of possession. The Debtor does not ask this Court to disregard those proceedings.

5. The Debtor instead requests that this Court determine the **federal bankruptcy consequences** of those proceedings, including the application of **11 U.S.C. §§ 362(a), 362(b)(22), and 362(l)** to the facts and filings presently before the Court.

## AMENDED FORM 101A

6. The Debtor previously filed Official Form 101A in this case.

7. The Debtor is filing an **Amended Official Form 101A contemporaneously with this Response.**

8. The Debtor respectfully requests that the Court consider the Amended Form 101A as the operative certification for purposes of determining the issues raised by Movant's Motion.

9. The Debtor has also made the applicable rent deposit and will provide documentary evidence establishing that payment.

10. The Northern District of Georgia identifies Official Form 101A as the filing used when a debtor has an eviction judgment and wishes to remain in the residence. The Court's published instructions identify **11 U.S.C. §§ 362(b)(22) and 362(l)** as the applicable statutory provisions.

11. The Debtor respectfully requests that the Court determine the legal effect of the Amended Form 101A and the rent deposit under the statutory framework established by Congress.

12. Nothing in this Response should be construed as an admission that Movant's characterization of the underlying monetary dispute or state-court proceedings is correct.

## MOVANT'S REQUEST IS A CONTESTED MATTER REQUIRING JUDICIAL DETERMINATION

13. Movant has affirmatively requested an order from this Court determining that no automatic stay is in effect and authorizing Movant to proceed upon the prepetition writ of possession.

14. Bankruptcy Rule 9014 governs contested matters and provides that, where relief is sought by motion, the opposing party is entitled to reasonable notice and an opportunity to be heard. (

15. The Debtor has received notice of Movant's Motion and respectfully submits this Response and Objection.

16. The Debtor therefore requests that the Court adjudicate the statutory issues raised by Movant before entering the affirmative relief requested in Doc. 7.

17. The Debtor further requests an opportunity to present the documentary evidence supporting the Amended Form 101A, the rent deposit, and the state-court procedural history.

**SECTION 362(b)(22) MUST BE CONSIDERED WITH SECTION 362(l)**

18. Movant relies principally upon 11 U.S.C. § 362(b)(22).

19. The Debtor recognizes that § 362(b)(22) addresses the continuation of certain residential eviction proceedings where a lessor obtained a judgment for possession before the bankruptcy filing.

20. The Debtor respectfully submits that § 362(b)(22) cannot be considered in isolation from the separate statutory procedures contained in **§ 362(l)**.

21. The Northern District of Georgia's own Form 101A instructions expressly identify §§ 362(b)(22) and 362(l) together in connection with a debtor seeking to remain in a residence after an eviction judgment.

22. The Debtor has filed, and is now amending, the Form 101A and has made the applicable rent deposit.

23. Accordingly, the Debtor respectfully requests that the Court determine the legal effect of those filings and the deposit under § 362(l) before granting Movant's requested relief.

## THE STATE-COURT RECORD IS MATERIAL

24. The underlying proceeding is **Fulton County Magistrate Court Case No. 26ED392744**.

25. The Debtor has actively participated in that proceeding and has filed motions and other documents concerning the underlying dispute.

26. The Debtor has also pursued review concerning the state-court matter.

27. The Debtor has made payments into the applicable court registry and will provide documentary evidence concerning those payments.

28. The Debtor respectfully requests that the Court consider the actual state-court record rather than relying exclusively upon Movant's characterization of the monetary dispute and procedural history.

29. The Debtor does not ask this Court to act as an appellate court over the state court.

30. Rather, the Debtor asks this Court to determine the federal bankruptcy consequences of the state-court proceedings based upon the actual record.

## THE DEBTOR'S AMENDED CERTIFICATION AND PAYMENT SHOULD BE CONSIDERED

31. Movant's Motion relies upon the Debtor's original Form 101A.

32. The Debtor is filing an Amended Form 101A.

33. The Debtor respectfully requests that the Court consider the amended filing and the evidence establishing the applicable rent deposit.

34. The Debtor further requests that the Court determine whether the statutory requirements have been satisfied based upon the operative filing and complete evidentiary record.

35. The Debtor does not ask the Court to disregard any statutory requirement.

36. The Debtor instead asks that the Court apply those requirements to the actual facts and documents presently before it.

## THE MOVANT'S CHARACTERIZATION OF THE DEBTOR'S COMMUNICATIONS

37. Movant's Motion characterizes the Debtor's communications with Movant's counsel and the Fulton County Marshal as communications that improperly inhibited execution of the writ.

38. The Debtor respectfully disagrees with that characterization.

39. The communications were intended to provide notice of the bankruptcy filing and to preserve the Debtor's rights while the applicability of federal bankruptcy law was being presented to the appropriate court.

40. The Debtor did not physically interfere with the Fulton County Marshal or attempt to obstruct any lawful governmental function.

41. The Debtor respectfully requests that the Court evaluate the actual communications and their substance rather than the characterization placed upon them by Movant.

## MOVANT'S REFERENCE TO ARTIFICIAL INTELLIGENCE IS NOT MATERIAL TO THE STATUTORY DETERMINATION

42. Movant's Motion refers to the alleged use of generative artificial intelligence in connection with some of the Debtor's communications.

43. The Debtor respectfully submits that the method by which correspondence was prepared has no bearing on whether the statutory requirements of **11 U.S.C. §§ 362(b)(22) and 362(l)** have been satisfied.

44. The relevant issues are the bankruptcy filing, the applicable certifications, the rent deposit, the state-court record, and the requirements of the Bankruptcy Code.

45. The Debtor therefore respectfully requests that Movant's characterization concerning the alleged use of artificial intelligence be given no weight in determining the statutory issues presented by Doc. 7.

46. To the extent necessary to preserve the record, the Debtor respectfully requests that the Court recognize that the Debtor's use of technological or drafting assistance does not constitute an admission concerning any substantive legal issue and does not alter the Debtor's right to present arguments and evidence to the Court.

## RESPONSE TO MOVANT'S RELIANCE ON IN RE HOWARD AND OTHER AUTHORITIES

47. Movant's reliance upon *In re Howard*, Case No. 10-86721-MGD, Doc. 13 (Bankr. N.D. Ga. Sept. 24, 2010), does not establish the categorical proposition that Movant appears to advance in the present case.

48. The *Howard* decision must be considered in the context of the specific certification, objection, evidence, and Georgia-law record before that Court. In *Howard*, the lessor objected to the debtor's certification under 11 U.S.C. § 362(l)(1)(A), and the Court

proceeded under the expedited-hearing mechanism provided by § 362(l)(3)(A). The Court ultimately concluded, based upon the Georgia law presented in that proceeding, that once the landlord had obtained a writ of possession, the landlord had no legal obligation to accept rent from the debtor-tenant. *In re Howard*, Case No. 10-86721-MGD, Doc. 13 (Bankr. N.D. Ga. Sept. 24, 2010).

49. The Debtor does not dispute that *Howard* addressed a post-judgment possession situation. Rather, the issue is whether Movant may properly treat *Howard* as eliminating the statutory procedure and factual determination required under 11 U.S.C. § 362(l) in every subsequent case.

50. Section 362(l)(1)(A) specifically addresses whether, under applicable nonbankruptcy law, circumstances exist under which a debtor may cure the entire monetary default that gave rise to the judgment for possession after that judgment was entered.

51. Section 362(l)(1)(B) separately addresses the rent that would become due during the thirty-day period following the filing of the bankruptcy petition.

52. These are separate statutory requirements and should not be conflated.

53. The statute further provides a specific procedure when a lessor disputes a debtor's certification. Pursuant to 11 U.S.C. § 362(l)(3)(A), when a lessor files an objection to a certification filed under § 362(l)(1) or § 362(l)(2), the Court shall hold a hearing within ten days after the filing and service of the objection to determine whether the certification is true.

54. Accordingly, the filing of an objection by Movant does not itself establish that the Debtor's certification is false. Congress expressly assigned the determination of the truth of the certification to the Bankruptcy Court.

## HOWARD DOES NOT SUBSTITUTE FOR THE STATUTORY DETERMINATION REQUIRED IN THIS CASE

55. Movant's reliance upon *Howard* does not eliminate the requirement that the present case be evaluated under the statutory framework enacted by Congress and upon the evidence presented in this case.

56. In *Howard*, the Court considered the debtor's certification and the lessor's objection pursuant to § 362(l)(3)(A). The Court's decision therefore demonstrates the importance of the statutory certification and objection procedure; it does not establish that the existence of a prepetition writ, standing alone, automatically resolves every issue concerning a debtor's certification in every later case.

57. The Debtor's present record contains evidence concerning the alleged monetary default, payments made or received, the amount claimed to be due, and proceedings undertaken in the underlying Fulton County Magistrate Court concerning the parties' dispute.

58. Those facts are relevant to the determination required under § 362(l).

59. The Debtor therefore respectfully requests that the Court evaluate the certification based upon the actual record in this case rather than treating the existence of the prepetition writ as dispositive of every issue arising under § 362(l).

## RESPONSE TO MOVANT'S RELIANCE ON MITCHELL

60. Movant also relies upon *In re Mitchell*, Case No. 13-64407, Doc. 16 (Bankr. N.D. Ga. Aug. 2, 2013).

61. *Mitchell* does not establish that the mere existence of a prepetition writ automatically eliminates the statutory protection contemplated by § 362(l).

62. The Northern District of Georgia's published disposition of *Mitchell* states that the debtor did not satisfy the requirements of § 362(l) and therefore was not entitled to the thirty-day protection provided by that subsection. *In re Mitchell*, Case No. 13-64407, Doc. 16 (Bankr. N.D. Ga. Aug. 2, 2013).

63. The actual distinction is important.

64. The § 362(l)(1)(A) certification concerns whether applicable nonbankruptcy law permits the debtor to cure the entire monetary default that gave rise to the judgment for possession after the judgment was entered.

65. The separate § 362(l)(1)(B) requirement concerns the deposit of rent that would become due during the thirty-day period following the bankruptcy filing.

66. The Debtor therefore respectfully submits that *Mitchell* should not be characterized as establishing a categorical rule that a tenant loses the protections of § 362(l) merely because a landlord asserts that a prepetition default existed or because a writ had previously issued.

67. Rather, the statutory requirements must be applied to the particular facts and evidence before this Court.

## RESPONSE TO MOVANT'S RELIANCE ON NEWSON-PACE

68. Movant's reliance upon *Newson-Pace v. New Columbia Residential, et al. (In re Newson-Pace)*, Adversary Proceeding No. 14-5354, Doc. 47 (Bankr. N.D. Ga. Mar. 5, 2015), likewise does not establish the categorical proposition asserted by Movant.

69. The Court's order in *Newson-Pace* states that a writ of possession had been issued prepetition and that the debtor failed to take the steps necessary to invoke the protection provided by § 362(l). *Newson-Pace v. New Columbia Residential, et al. (In re Newson-Pace)*, Adv. Pro. No. 14-5354, Doc. 47 (Bankr. N.D. Ga. Mar. 5, 2015).

70. That decision therefore demonstrates the importance of satisfying the statutory requirements of § 362(l). It does not eliminate those requirements, nor does it eliminate the hearing procedure expressly established by § 362(l)(3)(A).

71. The question in the present case is whether this Debtor has satisfied the applicable statutory requirements based upon the evidence presently before this Court.

## THE TWO MONETARY REQUIREMENTS SHOULD NOT BE CONFLATED

72. The statutory language establishes a distinction between the prepetition monetary default and the rent becoming due after the bankruptcy petition.

73. Under 11 U.S.C. § 362(l)(1)(A), the debtor must certify, under penalty of perjury, that under applicable nonbankruptcy law there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession after the judgment was entered.

74. Separately, under 11 U.S.C. § 362(l)(1)(B), the debtor must deposit with the clerk any rent that would become due during the thirty-day period following the filing of the bankruptcy petition.

75. These provisions address different matters.

76. The first concerns the legal availability of a cure of the prepetition monetary default.

77. The second concerns the rent becoming due during the thirty-day postpetition period.

78. The subsequent provision, 11 U.S.C. § 362(l)(2), addresses the further certification concerning whether the debtor has actually cured the entire monetary default under applicable nonbankruptcy law.

79. Congress then expressly provided the procedure for resolving an objection to either certification in § 362(l)(3)(A).

## THE PRESENT STATE-COURT RECORD IS MATERIAL

80. The Debtor has disputed the monetary allegations underlying the state-court possession proceeding and has undertaken proceedings in the Fulton County Magistrate Court concerning the alleged obligation, payments, amounts claimed to be due, and related issues.

81. The Debtor has documentary evidence concerning those proceedings and respectfully requests that the Court consider that evidence when evaluating the present objection.

82. Movant's description of the underlying state-court proceedings should therefore not be treated as an undisputed statement of the amount actually owed or the complete procedural history.

83. The existence of a prepetition writ establishes that a state-court judgment for possession was entered before the bankruptcy filing. It does not, standing alone, establish every factual and statutory issue that must be resolved under § 362(l).

## SECTION 362(l)(3)(A) REQUIRES JUDICIAL DETERMINATION

84. Most importantly, Congress specifically provided a procedure for circumstances such as the present dispute.

85.Pursuant to 11 U.S.C. § 362(l)(3)(A):

86. "If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true."

87. Accordingly, the Debtor respectfully requests that the Court apply the procedure expressly provided by Congress and determine the truth of the Debtor's certification based upon the evidence presented by both parties.

88. The Debtor further respectfully submits that Movant's objection should not itself be treated as a judicial determination that the certification is false.

## CONCLUSION

89. Movant's reliance upon *Howard*, *Mitchell*, and *Newson-Pace* does not establish that the Debtor's certification is false as a matter of law.

90. Those authorities concern the statutory requirements of § 362(l) as applied to the particular records before those courts. They do not authorize a party to bypass the statutory procedure established by Congress for determining whether a debtor's certification is true in a subsequent case.

91. The Debtor respectfully requests that the Court consider the complete record in this case, including the Debtor's evidence concerning the alleged monetary default, payments, deposits, state-court proceedings, and the underlying dispute concerning the amount allegedly owed.

92. To the extent Movant's Motion constitutes an objection to the Debtor's certification under 11 U.S.C. § 362(l), the Debtor respectfully requests that the Court conduct the hearing contemplated by § 362(l)(3)(A) and determine the truth of the certification based upon the complete evidentiary record.

93. The Debtor further respectfully requests that the Court decline to treat the mere existence of the prepetition writ as dispositive of the statutory questions presented under § 362(l), and instead determine those questions upon the evidence and applicable law presented to this Court.

## REQUEST FOR OPPORTUNITY TO BE HEARD

94. The Debtor respectfully requests that the Court adjudicate the disputed statutory issues before granting the relief requested by Movant.

95. To the extent the Court determines that factual disputes concerning the state-court proceedings, payments, certifications, or other matters are material to the determination, the Debtor respectfully requests an opportunity to present evidence and be heard concerning those disputed matters.

96. Bankruptcy Rule 9014 provides procedures governing contested matters and recognizes the right to notice and an opportunity to be heard when relief is sought by motion.

## REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Honorable Court:

(A) Accept and consider this Response and Objection to Doc. 7;

(B) Accept and consider the Debtor's Amended Official Form 101A;

(C) Consider the Debtor's proof of the applicable rent deposit;

(D) Consider the complete record of Fulton County Magistrate Court Case No. 26ED392744;

(E) Consider the Debtor's state-court motions, Petition for Review, registry-payment documentation, and related filings;

(F) Determine the applicability of **11 U.S.C. §§ 362(a), 362(b)(22), and 362(l)** based upon the complete record;

(G) Determine the legal effect of the Amended Form 101A and applicable rent deposit;

(H) Provide the Debtor a meaningful opportunity to be heard concerning the statutory issues raised by Movant's Motion;

(I) Deny or defer Movant's requested order pending the Court's determination of the foregoing issues;

(J) Decline to give substantive weight to Movant's characterization concerning the Debtor's use of artificial intelligence, as such characterization does not determine any issue under the Bankruptcy Code;

(K) Deny Movant's request for attorney's fees and costs, or reserve that issue pending determination of the substantive issues; an

(L) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of September, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2026, I served a true and correct copy of the foregoing **Debtor's Response and Objection to Movant's Motion for Order Confirming No Stay in Effect Pursuant to 11 U.S.C. § 362(b)(22)**, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Tuesday, September 29th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE:**
**TAMERLANE TIMUR BEY, II,**
Debtor.

**Case No. 26-62896-LRC**
**Chapter 7**

# EXHIBIT ~~C~~ A

## STATE-COURT MOTIONS AND FILINGS

Documents filed by Debtor in Fulton County Magistrate Court concerning the underlying dispossessory proceeding, monetary dispute, possession, and related relief.

IN THE State COURT OF Fulton COUNTY
[SUPERIOR OR STATE] [COUNTY]

STATE OF GEORGIA

| | | |
|---|---|---|
| Tamerlane Bey © <br> Petitioner, | ) <br> ) <br> ) | Reviewing Court Case No.: |
| v. <br> 2018-4TH Borrower LP, <br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) | |

**Emergency PETITION FOR REVIEW TO State COURT**
**[SUPERIOR OR STATE]**

Tamerlane T. Bey ©, the Petitioner named above,
[Petitioner]

petitions the Superior Court of Fulton County
[Superior or State] [County]

for review of the final judgment rendered by the
Fulton County Magistrate on August 13 2026
[Official Name Of Lower Judicatory] [Date]

with the following case number designated by the lower judicatory:
26ED392744.
[Case Number]

*Concise Statement of the Final Judgment Appealed*
*OCGA § 5-3-7 (e) (3) (B)*

The final judgment being appealed is as follows:

On August 13, 2026, the Fulton County Magistrate Court entered a Consent Agreement in Case No. 26ED392444 between 2018-4 IH Borrower LP and Tamerlane Bey II. The Consent agreement entered Judgment in the amount of $11,190.35 and provided for issuance of a Writ of possession upon failure to satisfy the payment terms of the agreement.

[Concise Statement of the Final Judgment Appealed]

*Record in the Lower Judicatory*
*OCGA § 5-3-7 (e) (3) (C)*

The following describes any existing recording, transcript, or other record of evidence in the lower judicatory (check one):

☑ NO official transcript or recording exists of the proceedings in the lower judicatory.

☐ NO official transcript exists of the proceedings in the lower judicatory, but the proceedings were recorded by:

______________________________________________

______________________________________________.
[Who Recorded The Proceedings And Whether Audio Or Video]

☐ An official transcript exists of the proceedings in the lower judicatory.

☐ Other: ______________________________________

______________________________________________

______________________________________________.
[Describe Other Record Of Evidence In The Lower Judicatory]

*Notice of Petitioner's Confinement or Incarceration*
*OCGA § 5-3-7 (e) (3) (D)*

☐ This is a criminal case and the Petitioner named above

☐ is not confined in jail or otherwise incarcerated

☐ is currently confined or incarcerated at

____________________________________________________________.
[Location]

The offense[s] and the sentence prescribed by the lower judicatory in this case are as follows:

____________________________________________________________

____________________________________________________________.
[Offense[s] And Sentence]

*Applicable Standard of Review*
*(Check one)*

☐ A limited review on the record is the default standard of review in a petition for review and a de novo (new) trial is not specified in the OCGA as the applicable standard of review for this type of case. See, e.g., OCGA § 40-13-28 (traffic offenses). Therefore, this Petition for Review seeks judicial review for clearly erroneous findings of fact and credibility, abuse of discretion, sufficiency of evidence, and de novo review of questions of law. OCGA § 5-3-5 (a). Additional details regarding the issues for review are attached.

☑ A de novo proceeding is specified in OCGA § 15-10-41(b)(1) as the applicable standard of review for this type of case. Therefore, this Petition for Review seeks a de novo (new) trial of all the issues raised in the lower judicatory with NO REMAND. OCGA § 5-3-5 (b). See, e.g., OCGA §§ 5-3-5 (d) (probate court cases, excluding traffic offenses); 15-10-41 (b) (1) (magistrate court cases).

This 23rd [Day] day of September [Month], 20 26 [Year].

Signature: [signature]

I am the (check one):

☑ Petitioner ☐ Attorney for Petitioner

Printed Name: Tamerlane Bey

Mailing Address:

172 North Mill Road

Atlanta, GA 30328

Telephone Number: (347) 542-8565

E-mail Address: tbeyii@gmail.com

Paperwork Prepared by:
The Judicial Council of Georgia Administrative Office of the Courts
Model Petition for Review (OCGA § 5-3-7 (e))

IN THE State COURT OF FULTON COUNTY
STATE OF GEORGIA

Tamerlane Bey II
Petitioner

vs

2018-4 IH Borrower LP
Respondent

Civil Action File No:

VERIFICATION

I, (your name) Tamerlane Bey II, personally appeared before the undersigned Notary Public, and say under oath that I am the (check one :) ☑ Petitioner ☐ Respondent in the above-styled action and that the facts stated in the (name of petition, motion, complaint) ________________ are true and correct.

This the 23rd [day] day of September [month], 20 26 [year]

(Sign your name here in front of the Notary)

Name (print or type here): ________________

Address: ________________

Telephone number: ( ) ________________

Sworn to and subscribed before me, this 23rd day of September, 20 26.

Marvin Wooley
NOTARY PUBLIC
My Commission Expires: 1/21/2027
(Notary Seal)

MARVIN WOOLEY NOTARY PUBLIC COMMISSION EXPIRES Jan. 21, 2027 DEKALB COUNTY, GA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE:**
**TAMERLANE TIMUR BEY, II,**
Debtor.

**Case No. 26-62896-LRC**
**Chapter 7**

# EXHIBIT B

## MAGISTRATE COURT FILING CONFIRMATION

Documentation concerning Debtor's filing in Fulton County Magistrate Court, including the filing reflected by:

**Envelope No.: 23047848**
**Date Filed: September 25, 2026**
**Time Filed: 4:58 P.M.**

IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **2018-4 IH Borrower LP,**<br><br>**Petitioner,**<br><br>**vs.**<br><br>**Tamerlane Timur Bey II ,**<br><br>**Defendant** | **CASE NO. 26ED392744**<br><br>**EMERGENCY MOTION TO STAY AND REQUEST FOR HEARING** |

## EMERGENCY MOTION TO STAY AND REQUEST FOR HEARING

COMES NOW Defendant, Tamerlane Bey II, appearing pro se, and respectfully moves this Court for emergency relief staying execution of the September 16, 2026 Writ of Possession and for an immediate hearing before the Court, and shows as follows:

1. This action is pending under Case No. 26ED392744 and concerns the premises located at 172 N Mill Road, Atlanta, Georgia 30328.

2. On August 13, 2026, the parties entered a written Consent Agreement that was ordered by the Magistrate Court of Fulton County.

3. The Consent Agreement provided for a monetary judgment of $11,190.35 and addressed issuance of a writ of possession upon failure to satisfy the payment condition stated in the agreement.

4. Defendant acknowledges that the original payment deadline was not satisfied.

5. Plaintiff filed an Application to Execute Writ of Possession on September 2, 2026.

6. Judge Paul R. Knighten signed the Writ of Possession on September 16, 2026.

7. Defendant has subsequently made substantial payments to Plaintiff. Defendant's present records indicate payments totaling approximately $16,000, and Defendant is prepared to submit receipts, bank records, transaction confirmations, or other competent evidence establishing the payments.

8. Defendant respectfully requests that the Court determine the parties' current account and credit all payments actually received by Plaintiff before permitting execution of the writ.

9. Defendant is simultaneously seeking relief from the August 13, 2026 Consent Judgment and requests an expedited opportunity to present the facts and evidence to the Court.

10. If the writ is executed before the Court can consider the pending requests, Defendant may be removed from possession before the Court determines whether the judgment should remain enforceable and what amount, if any, remains due.

11. Defendant is prepared to comply with any reasonable payment, registry, security, or other condition imposed by the Court.

WHEREFORE, Defendant respectfully requests that the Court:

A. Immediately STAY execution of the September 16, 2026 Writ of Possession;

B. Set Defendant's Motion to Set Aside Consent Judgment and this Emergency Motion for the earliest available hearing;

C. Direct that the Writ of Possession not be executed before that hearing and further order of the Court;

D. Permit Defendant to present evidence of the approximately $16,000 in payments made to Plaintiff;

E. Determine the amount, if any, presently owed after crediting all payments received by Plaintiff;

F. Permit Defendant to satisfy any amount determined to be due through the payment or registry procedure ordered by the Court; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2026.

______________________________________

Tamerlane Bey II, Defendant Pro Se

172 N Mill Road, Atlanta, Georgia 30328

Telephone: (347) 542-8565

Email: tbeyii@gmail.com

**IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **2018-4 IH Borrower LP,**<br><br>**Petitioner,**<br><br>**vs.**<br><br>**Tamerlane Timur Bey II ,**<br><br>**Defendant** | **CASE NO. 26ED392744**<br><br>**DEFENDANT'S MOTION TO SET ASIDE CONSENT JUDGMENT** |

## DEFENDANT'S MOTION TO SET ASIDE CONSENT JUDGMENT

COMES NOW Defendant, Tamerlane Bey II, appearing pro se, and respectfully moves this Court pursuant to O.C.G.A. § 9-11-60(d) for relief from the Consent Agreement/Consent Judgment entered on August 13, 2026, and shows the Court as follows:

1. This action is a dispossessory proceeding concerning the premises located at 172 N Mill Road, Atlanta, Georgia 30328.

2. On August 13, 2026, the parties appeared before the Magistrate Court of Fulton County and entered a written Consent Agreement. The document is filed in Case No. 26ED392744.

3. The Consent Agreement identifies Plaintiff as 2018-4 IH Borrower LP and Defendant as Tamerlane Bey II and All Other Occupants.

4. The Consent Agreement states that Plaintiff was entitled to a writ of possession and a judgment in the amount of $11,190.35, and provides for issuance of the writ upon failure to pay the specified amount by the stated deadline.

5. The Consent Agreement bears the Court's August 13, 2026 order date and contains a provision concerning waiver of the right to petition for review.

6. Defendant acknowledges that the payment required by the Consent Agreement was not made by the original deadline.

7. Plaintiff subsequently filed an Application to Execute Writ of Possession on September 2, 2026, and the Court signed the Writ of Possession on September 16, 2026.

8. After entry of the Consent Agreement, Defendant made substantial payments to Plaintiff totaling approximately $16,000. Defendant will submit competent documentary proof of those payments.

9. Defendant seeks relief from the Consent Judgment under O.C.G.A. § 9-11-60(d) based on the following facts and legally cognizable grounds: [INSERT THE SPECIFIC TRUE FACTS SUPPORTING FRAUD, ACCIDENT, MISTAKE, LACK OF JURISDICTION, OR OTHER APPLICABLE GROUND. DO NOT LEAVE THIS PARAGRAPH IN THIS FORM WHEN FILING.]

10. Defendant respectfully requests an opportunity for the Court to consider the evidence concerning the formation and enforcement of the Consent Agreement, the payments subsequently made to Plaintiff, and the parties' current accounting.

11. Defendant is prepared to comply with any lawful payment, registry, security, or other condition the Court determines appropriate while this motion is pending.

WHEREFORE, Defendant respectfully requests that the Court:

A. Set aside or otherwise grant appropriate relief from the August 13, 2026 Consent Judgment if the Court finds a statutory basis under O.C.G.A. § 9-11-60(d);

B. Set an expedited hearing on this Motion;

C. Stay or otherwise suspend enforcement of the September 16, 2026 Writ of Possession pending determination of this Motion;

D. Credit all payments actually received by Plaintiff and determine the current balance, if any;

E. Permit Defendant to satisfy any amount the Court determines is properly due through a payment or registry procedure ordered by the Court; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2026.

______________________________________

Tamerlane Bey II, Defendant Pro Se

172 N Mill Road, Atlanta, Georgia 30328

Telephone: (347) 542-8565

**IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **2018-4 IH Borrower LP,**<br><br>**Petitioner,**<br><br>**vs.**<br><br>**Tamerlane Timur Bey II ,**<br><br>**Defendant** | **CASE NO. 26ED392744**<br><br>**PROPOSED ORDER ON DEFENDANT'S EMERGENCY MOTION TO STAY EXECUTION OF WRIT OF POSSESSION** |

## PROPOSED ORDER ON DEFENDANT'S EMERGENCY MOTION TO STAY EXECUTION OF WRIT OF POSSESSION

The Court has reviewed Defendant's Emergency Motion to Stay Execution of Writ of Possession and Request for Immediate Hearing.

The Court notes that a Consent Agreement was entered on August 13, 2026, that an Application to Execute Writ of Possession was filed on September 2, 2026, and that a Writ of Possession was signed on September 16, 2026.

The Court further notes Defendant's representation that substantial payments, totaling approximately $16,000, have been made to Plaintiff and that Defendant seeks an opportunity to present evidence of those payments and obtain judicial determination of the parties' current account.

**IT IS HEREBY ORDERED:**

1. Execution of the September 16, 2026 Writ of Possession in Case No. 26ED392744 is STAYED pending the hearing and further Order of this Court.

2. The Fulton County Marshal's Department and any person acting under the authority of the Writ shall not execute the Writ during the period of this stay.

3. Defendant's Emergency Motion and Motion to Set Aside Consent Judgment are set for an expedited hearing as follows:

Date: ________________________________

Time: ________________________________

Location: _____________________________

4. Defendant may present documentary evidence establishing payments made to Plaintiff.

5. The parties shall be prepared to provide the Court with an accounting of amounts paid and amounts claimed to remain due.

6. Defendant shall remain in possession pending the hearing and further Order of this Court, subject to any conditions imposed by the Court.

7. Defendant shall provide a copy of this entered Order to the appropriate Fulton County Marshal personnel and Plaintiff or Plaintiff's counsel.

SO ORDERED this _____ day of September, 2026.

______________________________________

JUDGE, MAGISTRATE COURT

FULTON COUNTY, GEORGIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE:**
**TAMERLANE TIMUR BEY, II,**
Debtor.

**Case No. 26-62896-LRC**
**Chapter 7**

# EXHIBIT ~~E~~ C

## WRIT OF POSSESSION

Copy of the September 16, 2026 Writ of Possession issued in Fulton County Magistrate Court, Case No. 26ED392744.

Fulton County Magistrate Court
***E-FILED***CR
Date: 9/2/2026 11:35 AM
Che Alexander, Clerk
26ED392744

# MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA
## APPLICATION TO EXECUTE WRIT OF POSSESSION

Case No. 26ED392744

2018-4 IH Borrower LP
Plaintiff
THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Address

Atlanta, Georgia 30338
City State Zip

mft@tottenfirm.com
Email Address
TF#07980

vs.

Tamerlane Bey II, and All Other Occupants

Defendants(s)

172 N Mill Rd
Property Address
Atlanta, GA 30328
City State Zip

Application is hereby made to the Court for the issuance of a Writ of Possession due to the failure of the Defendant to:

_____ file his/her answer, and Plaintiff has not accepted money.
_____ comply with the Order of this Court dated__________, in that payment(s) of $__________, due on________were missed, and Plaintiff has not accepted money after that date.
__X__ pursuant to Court's Order, and Plaintiff has not accepted money in the interim.

_____ Other______________________________

Sworn to /Subscribed/ filed before me
This 28 day of August, 2026.
[signature]
Deputy Clerk/ Notary Public

KATHRYN D. TOTTEN NOTARY EXPIRES GEORGIA 01-16-2027 PUBLIC DEKALB COUNTY, GA

This 28 day of August, 2026.
[signature]
Attorney/ Owner/ Agent Phone#
MATTHEW F. TOTTEN GA Bar No. 798589
*Scheduling – first available; call 404-905-6577 + e-mail mft@tottenfirm.com w/ first available date*

## WRIT OF POSSESSION

GEORGIA, FULTON COUNTY

**TO THE MARSHAL OR HIS LAWFUL DEPUTIES:**

You are hereby commanded to remove said Defendant together with his/her property hereon from said house and premises and to deliver full and quiet possession of same to the Plaintiff herein.

This_______day of 9/16/2026, _______.

[signature]
Judge, Magistrate Court of Fulton County
Paul R. Knighten, Judge

_____Vacated_____Settled _____Ejected _____Held up ______________________
Comments:
______________________________
______________________________

Deputy Marshal:______________________ Date: ______________________

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE:**
**TAMERLANE TIMUR BEY, II,**
Debtor.

**Case No. 26-62896-LRC**
**Chapter 7**

# EXHIBIT ~~B~~ D

## PAYMENT / REGISTRY EVIDENCE

Documents demonstrating payments, deposits, or other funds relevant to the monetary dispute between the parties.

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

MONEY ORDER

19-716738350

$

[redacted]

PAY EXACTLY

PAY TO THE ORDER OF Invitation Homes

PURCHASER'S ADDRESS 172 N Mill Road 30328

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

PURCHASER BY SIGNING YOU AGREE TO THE TERMS ON THE REVERSE SIDE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ 40197167383505⑈

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

19-7…

$

[redacted]

PAY EXACTLY

PAY TO THE ORDER OF Invitation Homes

PURCHASER'S ADDRESS 172 N Mill Road 30328

PAYMEN…

PURCHA…

PURCHASER BY SIGNING YOU…

MOBILE DEP…

⑆102100400⑆ 40197167383523⑈

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

MONEY ORDER

***PAY EXACTLY $500.00

19-743836198

A 366441 D 091726
T 1941 408
197438361985 L 0468

$ 500.00

[redacted]

PAY EXACTLY FIVE HUNDRED DOLLARS AND NO CENTS

PAY TO THE ORDER OF Invitation Homes

PURCHASER'S ADDRESS 172 North Mill 30328

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

PURCHASER BY SIGNING YOU AGREE TO THE TERMS ON THE REVERSE SIDE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ 40197438361985⑈

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union — WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado — MONEY ORDER

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

19-716738354

$

[redacted]

PAY EXACTLY

PAY TO THE ORDER OF: Invitation Homes

PURCHASER'S ADDRESS: 172 N Mill Road 30328

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

PURCHASER BY SIGNING YOU AGREE TO THE TERMS ON THE REVERSE SIDE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ 4019716738354⑈

---

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union — WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

19-71

$

[redacted]

PAY EXACTLY

PAY TO THE ORDER OF: Invitation Homes

PURCHASER'S ADDRESS: 172 N Mill Road 30328

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

PURCHASER BY SIGNING YOU AGREE

MOBILE DEP

⑆102100400⑆ 4019716738351⑈

---

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union — WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado — MONEY ORDER

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

19-716738353

$

[redacted]

PAY EXACTLY

PAY TO THE ORDER OF: Invitation Homes

PURCHASER'S ADDRESS: 172 North Mill Road 30328

PAYMENT FOR/ACCT. #

PURCHASER'S SIGNATURE

PURCHASER BY SIGNING YOU AGREE TO THE TERMS ON THE REVERSE SIDE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ 4019716738353⑈

---

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union — WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

***PAY EXACTLY $500.00

19

A 366441 D 091726
T 1841 408
19743836197 L 0448

$ 500.00

[redacted]

PAY EXACTLY FIVE HUNDRED DOLLARS AND NO CENTS

PAY TO THE ORDER OF: Invitation Homes

PURCHASER'S ADDRESS: 172 North Mill 30328

PAYMENT FOR/ACCT. #

PURCHASER BY SIGNING YOU AGREE

MOBILE DEP

⑆102100400⑆ 4019743836197⑈

COPY

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 SEP 29 P 4:06

VANIA S. ALLEN
CLERK

BY: [signature]
DEPUTY CLERK

**Fill in this information to identify your case:**

Debtor 1 Kimberlane Times Banff
First Name Middle Name Last Name

Debtor 2
(Spouse, if filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: Northern District of Georgia (State)

Case number (If known) 26-62896

Official Form 101A Amended

# Initial Statement About an Eviction Judgment Against You

12/15

**File this form with the court and serve a copy on your landlord when you first file bankruptcy only if:**

- **you rent your residence; and**
- **your landlord has obtained a judgment for possession in an eviction, unlawful detainer action, or similar proceeding (called *eviction judgment*) against you to possess your residence.**

Landlord's name Invitation Homes

Landlord's address 8601 Dunwoody Place Suite 520
Number Street
Sandy Springs GA 30350
City State ZIP Code

**If you want to stay in your rented residence after you file your case for bankruptcy, also complete the certification below.**

## Certification About Applicable Law and Deposit of Rent

I certify under penalty of perjury that:

☑ Under the state or other nonbankruptcy law that applies to the judgment for possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☑ I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

✗ [signature]
Signature of Debtor 1

Date 09/29/2026
MM / DD / YYYY

✗ ______________________
Signature of Debtor 2

Date ______________
MM / DD / YYYY

**Stay of Eviction:** (a) **First 30 days after bankruptcy.** If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, the automatic stay under 11 U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

(b) **Stay after the initial 30 days.** If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you must pay the entire delinquent amount to your landlord as stated in the eviction judgment before the 30-day period ends. You must also fill out *Statement About Payment of an Eviction Judgment Against You* (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.

**Check the Bankruptcy Rules (** http://www.uscourts.gov/rules-policies/current-rules-practice-procedure**) and the local court's website (to find your court's website, go to** http://www.uscourts.gov/court-locator**) for any specific requirements that you might have to meet to serve this statement. 11 U.S.C. §§ 362(b)(22) and 362(l)**