IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Tamerlane Timur Bey, II<br><br>**Debtor(s)**. | CASE NO. 26-62896-lrc<br>CHAPTER 7<br><br>Judge Lisa Ritchey Craig |
| 2018-4 IH Borrower LP<br><br>**Movant**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Jason L. Pettie, Trustee<br><br>**Respondents**. | |

**RENEWED MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(B)(22)**

COMES NOW, 2018-4 IH Borrower LP (hereinafter "Movant"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, files this RENEWED request for an order confirming that no automatic stay is in effect in the above-referenced bankruptcy case pursuant to 11 U.S.C. § 362(b)(22) (hereinafter, the "Motion"), respectfully showing this honorable Court as follows:

1.

Tamerlane Timur Bey, II (hereinafter, "Debtor") filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code on September 25, 2026, and is, therefore, subject to the jurisdiction of the Court.

2.

Movant is the landlord for debtor Tamerlane Timur Bey, II ("Debtor"), for that certain residential real property located at 172 N. Mill Road, Atlanta, GA 30328 (the "Property"), as

further evidenced by that certain residential lease agreement previously filed in this action. Doc. 7-1.

3.

This Court has jurisdiction over this Motion pursuant to 11 U.S.C. §§ 362 and 363.

4.

On July 1, 2026, Movant commenced a dispossessory proceeding against Debtor for possession and monetary judgment for the Property due to non-payment of rent. Said dispossessory proceeding was filed with the Magistrate Court of Fulton County, Georgia, as assigned case number 26ED392744 ("Dispossessory").

5.

Debtor filed a timely answer to the Dispossessory; on August 13, 2026, a hearing was noticed in the Dispossessory. At said hearing, Debtor and Movant entered into a consent agreement, wherein Debtor agreed to pay $11,190.35 in certified funds on/before August 27,2026, or a writ of possession would issue ("Order"). A true and accurate copy of said Order is previously filed in this action. Doc. 7-2.

6.

Debtor failed to comply with the consent Order; resultingly, on or about August 28, 2026, Movant applied for a writ of possession within the Dispossessory. On September 16, 2026, the Magistrate Court of Fulton County granted Movant a writ of possession as to the Property; a true and correct copy of said writ of possession is previously filed in this action. Doc. 7-3.

7.

Movant obtained a judgment for possession against Debtor prior to the initiation of this Action, with a writ of possession additionally awarded prior to the initiation of this Action authorizing Movant to recover possession of the Property.

8.

Georgia law does not provide for a right of redemption for a residential tenant after a judgment has been entered against said tenant. See generally O.C.G.A. § 44-7-50 *et. seq*.

9.

Notwithstanding the foregoing, Debtor filed an Official Form 101A at the of the filing of the Petition with this Court and purportedly submitted thirty days' rent. *See* Doc. 5.

10.

The initial Form 101A, as filed by Debtor, similarly acknowledges Georgia law having no right of redemption for a residential tenant after a judgment has been entered against said tenant. *See* Doc. 5 (first checkbox in the certification not checked). *See also* In re Mitchell, 2013 WL 5567200 (N.D. Ga. Aug. 2, 2013) ("Debtor did not make the required certifications regarding her ability to cure the monetary default after the writ of possession had been entered, and the court is not aware of any authority allowing her to do so.")

11.

Debtor's certification filed contemporaneous to the Petition fails to comply with 11 U.S.C.A. § 362(l)(1)(A), and any representation to the contrary by Debtor would be knowingly filed in bad faith and without any support under color of Georgia law.

12.

Pursuant to 11 U.S.C.A. § 362(b)(22), no automatic stay goes into effect upon the filing of a bankruptcy to otherwise prevent "the continuation of any eviction… by a lessor against a debtor

involving residential property in which the debtor resides as a tenant under a lease… and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."

13.

Pursuant to statute, the exception set forth within 11 U.S.C.A. § 362(l)(1) only applies where "the debtor files with the petition" an Official Form 101A which complies with both 11 U.S.C.A. §§ 362(l)(1)(A) and 362(l)(1)(B).

14.

No exception to 11 U.S.C.A. § 362(b)(22) otherwise exists, as set forth above.

15.

No automatic stay has gone into effect, as set forth above, and Movant resultingly is authorized under law to proceed to execute on the writ of possession issued by state court prior to the filing of the instant action. *See also* In re Mitchell, 2013 WL 5567200 (N.D. Ga. Aug. 2, 2013) ("[Since Debtor did not certify pursuant to 11 U.S.C.A. § 362(l)(1)(A)], the 30-day delay provided under § 362(l) is not in effect.")

16.

This Court subsequently entered an order, based on Movant's prior Motion in light of the foregoing [Doc. 7] confirming no automatic stay is in effect as to the Property based on the foregoing. *See* Doc. 13.

17.

Debtor, upon learning of the lack of an automatic stay to otherwise prevent Movant to proceed with its state law rights as to the Property, filed a subsequent Form 101A in bad faith,

without any support under color of law, after having actual knowledge of the lack of any basis under Georgia law for Debtor to reinstate and/or redeem a dispossessory judgment. *See* Doc. 15.

18.

Debtor's subsequently filed Form 101A does not trigger an automatic stay under statute, as it was not filed "with the petition" as required within 11 U.S.C.A. § 362(l)(1). *See* Doc. 15 (filed expressly after this Court ruled that no stay arose under 11 U.S.C.A. § 362(l) within Doc. 13).

19.

In analyzing a similar attempt by a debtor to untimely file a certificate under 11 U.S.C.A. § 362(l), bankruptcy courts have held that the statute speaks for itself in that no automatic stay arises by such an untimely filing – "subsection (b)(22) shall apply immediately upon failure to file such certification… [as] debtor has failed to file such certifications in a timely fashion, and the statute [] does not authorize a court to extend the deadlines for filing such certifications." In re Good, 2015 WL 6125523 at *2 (Bankr. D.D.C., Oct. 16, 2015). *See also* In re Parker, 2008 WL 2081536, at *2 (Bankr. D.D.C. May 8, 2008) ("In enacting § 362(b)(22) and § 362(l)(4), Congress provided a mechanism under which, *from the outset of the case and unless the debtor makes very specific certifications at the time he files his petition*, landlords can know with certainty whether or not the stay applies to their continued enforcement of pre-petition judgments for possession of the debtor's residence.") (emphasis added).

20.

Despite Debtor attempting to wallpaper over the initial Form 101A, in filing their materially false and bad faith 'amended' Form 101A by characterizing it as an "amended" filing, such formalistic styling does not alter the required conclusion of law by this Court. *See* In re Parker at *2 ("Although Congress could have provided debtors with a limited opportunity to amend their

petition to supply an omitted certification, Congress instead elected to impose immediate consequences and to immediately permit landlords with pre-petition judgments for possession of the debtor's residence to continue with "any eviction, unlawful detainer action, or similar proceeding" if the debtor fails to file the required § 362(l)(1) certifications at the commencement of the case.")

21.

As a matter of law, no automatic stay arises due to an untimely, materially false, and knowingly untrue "amended" Form 101A as filed by Debtor.

22.

Debtor had actual knowledge, as set forth within the initial motion, that the Northern District of Georgia has expressly held that there is no authority for a debtor to cure a monetary default after a writ of possession has been entered. Doc. 7, ¶ 10 (*citing* In re Mitchell, 2013 WL 5567200 (Bankr. N.D. Ga. Aug. 2, 2013) (J. Diehl).

23.

Pursuant to 11 U.S.C.A. § 105(a), this Court has express authority to act in a manner as "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Debtor, in filing the amended Form 101A in bad faith, with actual knowledge of its falsity, under perjury has committed opprobrious conduct requiring sanctions.

24.

Movant has incurred additional costs due to Debtor's knowingly bad faith filings with this Court.

25.

Movant seeks an order affirming that the automatic stay is not in effect to otherwise prevent Movant from proceeding with lawfully executing upon the writ of possession issued by the state court pre-petition. In re Mitchell, 2013 WL 5567200 at *2 (N.D. Ga. Aug. 2, 2013) (Judge Diehl issuing order affirming that the automatic stay is not in effect, and that Movant may proceed with recovering possession of the property.)

WHEREFORE, Movant prays for the following relief:

(a) That this Court grant Movant's Request and Issue an Order affirming that no automatic stay is in effect to otherwise prevent execution upon the pre-petition writ of possession as to the Property;

(b) That the Court award Movant its attorney's fees and costs in bringing of this Motion;

(c) That the Court sanction Debtor under its plenary authority under 11 U.S.C.A. § 105(a) based on Debtor's actual knowledge, committed under the penalty of perjury, in filing a materially false and bad faith Form 101A; and

(d) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Tuesday, September 29, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

**CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***RENEWED MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(B)(22)*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

Jason L. Pettie
Gordon and Pettie, LLC
1600 Parkwood Circle SE
Suite 500
Atlanta, GA 30339

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Tamerlane Timur Bey, II, pro se Debtor
172 North Mill Rd
Sandy Springs, GA 30328

Dated: Tuesday, September 29, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT