FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 SEP 30 A 10:39

VANIA S. ALLEN
CLERK
BY: L K Henry
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

**EMERGENCY MOTION FOR RECONSIDERATION OF DOC. 13 AND FOR TEMPORARY STAY PENDING HEARING**

COMES NOW, Tamerlane Timur Bey, II, (hereinafter "Debtor") appearing pro se, and respectfully, moves for reconsideration of the order identified by the movant as Doc. 13, to the extent that the order determines the effect of 11 U.S.C. § 362(l) on the Property, and requests temporary relief pending a hearing and states:

1.

TIMELINESS AND PROCEDURAL BASIS.

Northern District of Georgia BLR 9023-1 provides that a motion for reconsideration should be filed within fourteen days after entry of the order or judgment. Debtor files this motion promptly upon receipt and review of the renewed motion that specifically relies on Doc. 13. If the Court determines that a different procedural vehicle is required because of the date or nature of Doc. 13, Debtor respectfully requests leave to proceed under the appropriate rule rather than have the request dismissed solely for nomenclature.

## 2.

## THE RENEWED MOTION IDENTIFIES THE PRECISE FILING DEFECT THAT SHOULD BE ADDRESSED ON THE RECORD

Doc. 17 alleges that the first checkbox on the original Form 101A was not checked and that the certification therefore failed to satisfy § 362(l)(1)(A). Doc. 17, ¶¶ 9–13. Debtor requests reconsideration so that the Court can address the precise legal effect of the form actually filed, rather than relying on a characterization of the filing.

## 3.

## THE SUBSEQUENT FORM 101A AND THE SANCTIONS REQUEST SHOULD BE ADDRESSED SEPARATELY

Doc. 17 treats the later Form 101A as evidence of bad faith and seeks sanctions. Debtor requests that the Court separately determine (a) the statutory effect, if any, of the original Form 101A; (b) the statutory effect of the later Form 101A; and (c) whether there is an independent factual basis for sanctions. Debtor does not concede that the later filing was knowingly false.

## 4. REQUEST FOR TEMPORARY RELIEF

Because the filing of a motion for reconsideration does not itself establish an automatic stay of the prior order, Debtor expressly requests a temporary stay or other preservation of the status quo from the Court while the motion is considered. Debtor does not rely on the mere filing of this motion as creating a stay.

## 5. PRESERVATION OF APPELLATE RIGHTS

Debtor preserves all rights to seek review of any final order concerning the automatic stay or the right to execute the prepetition writ.

**WHEREFORE, Debtor respectfully requests that the Court and prays for the following relief:**

(a) That this Court reconsider Doc. 13 to the extent permitted by BLR 9023-1 and applicable federal law;

(b) The the Court temporarily stay enforcement of Doc. 13 and execution of the writ pending an expedited hearing;

(c) That the Court set an expedited hearing on the original and subsequent Form 101A filings and the statutory issues under § 362(b)(22) and § 362(l);

(d) That this Court deny or defer the sanctions and fee requests in Doc. 17;

(e) That the Court and grant such other relief as the Court deems lawful and appropriate.

Respectfully submitted, this Wednesday September 30th, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2026, I served a true and correct copy of the foregoing **EMERGENCY MOTION FOR RECONSIDERATION OF DOC. 13 AND FOR TEMPORARY STAY PENDING HEARING**, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Tuesday, September 30th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |