FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 SEP 30 A 10: 38
BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

**DEBTOR'S EMERGENCY OBJECTION TO RENEWED MOTION FOR ORDER CONFIRMING NO STAY AND REQUEST FOR HEARING**

COMES NOW, Tamerlane Timur Bey, II, (hereinafter "Debtor") appearing pro se, and respectfully objects to the Renewed Motion filed by 2018-4 IH Borrower LP on September 29, 2026 (Doc. 17), and requests an expedited hearing before any additional relief, sanctions, fees, or further enforcement-related order is entered.

1.

THE RECORD PRESENTLY BEFORE THE COURT

Doc. 17 itself establishes that the underlying Fulton County dispossessory case is Case No. 26ED392744; that the parties entered a consent agreement on August 13, 2026; that the consent agreement called for payment of $11,190.35 by August 27, 2026; and that the Fulton County Magistrate Court issued a writ of possession on September 16, 2026. Doc. 17, ¶¶ 4–7. Debtor does not dispute those docketed dates.

2.

THE RENEWED MOTION SEEKS RELIEF THAT GOES BEYOND A SIMPLE NOTICE OF THE EXISTING DOCKET

Doc. 17 does not merely restate the Court's prior ruling. It asks the Court to affirm that the landlord may proceed with execution of the prepetition writ, award attorney's fees and costs, and impose sanctions under 11 U.S.C. § 105(a). Doc. 17, ¶ 25 and Prayer for Relief. Those additional requests should not be granted without an opportunity for Debtor to respond to the factual and legal assertions on which they are based.

3.

DEBTOR DOES NOT ASK THE COURT TO DISREGARD § 362(b)(22) OR § 362(l).

Debtor recognizes that 11 U.S.C. § 362(b)(22) contains an exception to the ordinary automatic stay for continuation of an eviction, unlawful-detainer action, or similar proceeding when the lessor obtained a prepetition judgment for possession, subject to subsection (l). Section

362(l)(1) addresses the certification that must be filed with the petition for the 30-day treatment described in that subsection, and § 362(l)(4) addresses the consequence when a debtor indicates that a prepetition possession judgment exists but does not file the required certification.

4.

THE INITIAL FORM 101A AND THE EFFECT OF THE FIRST CERTIFICATION ARE THE CENTRAL ISSUE.

Doc. 17 alleges that the first checkbox on the certification accompanying the original petition was not checked and argues that the original Form 101A therefore did not satisfy § 362(l)(1)(A). Doc. 17, ¶¶ 9–13. Debtor does not ask the Court to rewrite what was actually filed. Instead, Debtor requests that the Court decide the legal effect of that filing on the complete record, including the exact Form 101A, the petition, the prior order identified as Doc. 13, and the subsequent filing identified as Doc. 15.

5.

THE SUBSEQUENT FORM 101A SHOULD NOT, BY ITSELF, BE TREATED AS PROOF OF BAD FAITH.

Doc. 17 characterizes the subsequent Form 101A as a knowingly false and bad-faith filing and requests sanctions. Doc. 17, ¶¶ 17–24. Debtor disputes that characterization. Filing a later certification after discovering or attempting to correct a filing problem does not, standing alone, establish that Debtor knowingly made a materially false statement. The Court should require the movant to identify the specific factual statement that was false when made, rather than equating the timing of the filing with bad faith.

6.

THE LANDLORD'S AUTHORITIES DO NOT ELIMINATE THE NEED TO DECIDE THE ACTUAL FACTUAL RECORD

Doc. 17 relies principally on In re Mitchell, In re Good, and In re Parker. Those authorities are cited by the movant for the proposition that an untimely certification does not retroactively create the statutory protection associated with a certification filed with the petition. Debtor requests that the Court apply those authorities to the actual documents filed in this case rather than treating the cases as establishing a separate sanction for the mere act of filing a later document.

7.

NO SANCTIONS SHOULD BE ENTERED ON THE PRESENT RECORD

The requested sanctions are materially different from the requested stay determination. Even if the Court concludes that the later Form 101A cannot create the statutory 30-day protection under § 362(l), that conclusion does not itself resolve whether Debtor knowingly made a false statement, whether the filing was submitted in bad faith, or whether sanctions under § 105(a) are warranted. Debtor requests denial of the sanctions and fee requests, or at minimum an opportunity to be heard before any such relief is imposed.

8.

REQUEST FOR EXPEDITED HEARING

The requested relief concerns possession of Debtor's residence and an already-issued writ. Debtor therefore requests an expedited hearing on Doc. 17 and on Debtor's contemporaneously filed Emergency Motion to Shorten Time and for Hearing. The Northern District of Georgia local rules permit the Court, for good cause, to shorten time and hearing requirements for emergency matters requiring immediate attention, and require the word "Emergency" or "Expedited" in the title of such a motion. BLR 9006-2; BLR 9013-4.

9.

RESERVATION OF RIGHTS

Nothing in this objection is intended to waive any right to seek reconsideration or appellate review of Doc. 13, any right arising under 11 U.S.C. § 362, or any right available under applicable federal or Georgia law.

**WHEREFORE, Debtor respectfully requests that the Court and prays for the following relief:**

(a) That this Court set Doc. 17 for an expedited hearing before entering any additional order authorizing execution of the writ;

(b) That the Court deny the requests for attorney's fees, costs, and sanctions under 11 U.S.C. § 105(a), or defer those requests until after a hearing;

(c) That this Court consider the complete Form 101A record, Doc. 13, Doc. 15, and the underlying state-court documents before making any further determination;

D. That the Court grant such temporary relief as is necessary to preserve the status quo until the requested hearing; and

E. That this Court grant such other relief as the Court deems lawful and appropriate.

Respectfully submitted, this Wednesday September 30th, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2026, I served a true and correct copy of the foregoing DEBTOR'S EMERGENCY OBJECTION TO RENEWED MOTION FOR ORDER CONFIRMING NO STAY AND REQUEST FOR HEARING, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Tuesday, September 29th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |