FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 SEP 30 A 10:40

BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Tamerlane Timur Bey, II, the Debtor and Appellant, hereby appeals to the United States District Court for the Northern District of Georgia from the Order entered by the United States Bankruptcy Court on September 29, 2026, at Docket No. 13.

1. The Appellant seeks review of the Bankruptcy Court's Order concerning the applicability of the automatic stay and related relief concerning the residential property located at 172 North Mill Road, Atlanta, Georgia 30328.

2. The Appellant seeks review of the legal and factual determinations contained in the Order, including the determination concerning the applicability of 11 U.S.C. § 362(b)(22) and § 362(l), the effect of the Debtor's Form 101A certification, and the effect of the prepetition state-court dispossessory proceedings and writ of possession.
3. The Appellant further seeks review of the Order to the extent it permits or facilitates enforcement of the prepetition writ of possession notwithstanding the Debtor's disputed underlying monetary obligation, the Debtor's state-court proceedings, and the corrective filings subsequently made in the bankruptcy case.
4. The Appellant reserves all rights to challenge the legal conclusions, factual findings, and procedural determinations contained in the appealed Order.

Respectfully submitted this 30th day of September 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2026, I served a true and correct copy of the foregoing **NOTICE OF APPEAL**, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Wednesday, September 30th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

**IT IS ORDERED as set forth below:**

**Date: September 29, 2026**

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| TAMERLANE TIMUR BEY, II, | : | 26-62896-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the *Motion for Entry of Order Confirming that No Stay is In Effect, Pursuant to 11 USC 362(b)(22)* (Doc. 7, the "Motion"), filed by 2018-4 IH Borrower LP ("Movant"). The Court makes the following findings of fact based on the docket of this case:

1. Debtor filed a voluntarily petition (the "Petition") under Chapter 7 of the Bankruptcy Code on September 25, 2026 (the "Petition Date").

2. Debtor resides at 172 North Mill Rd, Atlanta, GA 30328 (the "Premises").
3. With the Petition, Debtor filed a statement regarding eviction, in which Debtor stated that Movant has a judgment for possession against Debtor and certified under penalty of perjury that Debtor has deposited enough money with the Clerk to pay the first 30 days of rent that will come due postpetition (Doc. 5, the "Statement"). Debtor did not certify that there is applicable nonbankruptcy law that would allow Debtor to cure the deficiency owed Movant.
4. On September 27, 2026, Movant filed the Motion.
5. In the Motion, Movant seeks an order confirming that no automatic stay is in effect that would prevent execution upon a writ of possession as to the Premises that Movant obtained prepetition.
6. Consistent with the information in the Statement, Movant asserted in the Motion that it commenced a dispossessory proceeding against Debtor for possession and monetary judgment for the Premises due to non-payment of rent in the Magistrate Court of Fulton County, Georgia (Case No. 26ED392744), and that Movant obtained a judgment for possession and a writ of possession prior to the Petition Date.
7. Debtor deposited postpetition rent with the Clerk of Court. *See* Doc. 11.

Section 362(b)(22) of the Bankruptcy Code provides an exception to the automatic

stay that allows a lessor to continue "any eviction, unlawful detainer action, or similar proceeding" against the debtor "involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor." 11 U.S.C. § 362(b)(22). A debtor can obtain temporary relief from the lack of a stay if the debtor complies with the requirements of § 362(l). Pursuant to § 362(l), § 362(b)(22) (*i.e.*, the exception to the automatic stay) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that--(A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; *and* (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition." *Id.* § 362(l) (emphasis added).

Although Debtor did deposit rent with the Clerk of the Court, Debtor failed to make the certification regarding applicable nonbankruptcy law required by § 362(l). Consequently, the exception to the automatic stay provided by § 362(b)(22) was triggered for the initial 30 days after the Petition Date and the exception provided by § 362(l) did not

become effective. Accordingly,

IT IS ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED that the automatic stay is not in effect with respect to 2018-4 IH Borrower LP's continuation of eviction actions in the Magistrate Court of Fulton County, Georgia, with respect to Debtor and the leased residential property known as 172 N. Mill Road, Atlanta, GA 30328. Movant may proceed with the pending dispossessory action and exercise all its state law rights and remedies with respect to the Premises.

**END OF DOCUMENT**

**Distribution List**

Matthew Totten, Esq.
THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd Ste B136
Atlanta, GA 30338

Tamerlane Timur Bey, II, Debtor
172 North Mill Rd
Sandy Springs, GA 30328

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jason L. Pettie
Gordon and Pettie, LLC
1600 Parkwood Circle SE
Suite 500
Atlanta, GA 30339