IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT -2 P 3:58
VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

# DEBTOR'S FEDERAL QUESTIONS PRESENTED

The Debtor respectfully submits the following federal questions for consideration by the Court in connection with the pending matters concerning the application of the automatic stay to the residential eviction proceedings involving the Debtor's residence.

This filing is intended to identify and preserve the federal questions presented. It supplements, and does not replace, the Debtor's previously filed emergency motion, memorandum, declarations, motions, responses, and other pleadings already before the Court.

## I. FEDERAL QUESTION CONCERNING 11 U.S.C. § 362(a)

Whether, and to what extent, the automatic stay imposed by **11 U.S.C. § 362(a)** applies to actions by the landlord or its agents to obtain or enforce possession of the Debtor's residential property following the commencement of the Debtor's Chapter 7 case.

## II. FEDERAL QUESTION CONCERNING THE RESIDENTIAL EVICTION EXCEPTION

Whether the circumstances of this case satisfy all requirements necessary for the residential eviction exception contained in **11 U.S.C. § 362(b)(22)** to apply.

Specifically, whether the existence of a prepetition judgment for possession and a writ of possession, standing alone, resolves the federal question of whether the exception applies under the particular circumstances presented in this case.

## III. FEDERAL QUESTION CONCERNING 11 U.S.C. § 362(l)

Whether the requirements and protections contained in **11 U.S.C. § 362(l)** were satisfied, substantially satisfied, or otherwise implicated by the Debtor's filings concerning the eviction judgment.

The Court is respectfully asked to determine the legal effect of the Debtor's filings and any amended filings under the federal statutory scheme rather than treating the state-court eviction process as independently determining the scope of federal bankruptcy protection.

## IV. FEDERAL QUESTION CONCERNING PAYMENT AND CURE

Whether payments previously made or tendered by the Debtor, including payments made in connection with the underlying tenancy, dispossessory proceeding, consent agreement, or efforts to cure the alleged rental arrearage, are relevant to determining the application of **11 U.S.C. §§ 362(a), 362(b)(22), and 362(l)**.

### V. FEDERAL QUESTION CONCERNING REFUSAL TO ACCEPT PAYMENT

Whether a landlord's refusal to accept, process, credit, or otherwise recognize a payment or tender by a residential tenant creates a federal bankruptcy-law issue when the disputed payment is relevant to the existence, amount, or enforceability of the alleged rental arrearage underlying the eviction.

### VI. FEDERAL QUESTION CONCERNING THE INTERACTION BETWEEN STATE EVICTION LAW AND FEDERAL BANKRUPTCY LAW

Whether state-law procedures governing the issuance or enforcement of a writ of possession must be applied consistently with the federal protections and exceptions established by **11 U.S.C. § 362**.

The Debtor does not contend that state eviction law is displaced generally. Rather, the federal question is whether state procedures may be applied in a manner that determines or effectively eliminates rights created by the Bankruptcy Code without the Bankruptcy Court first determining the applicable federal statutory requirements.

### VII. FEDERAL QUESTION UNDER THE SUPREMACY CLAUSE

Whether, under the **Supremacy Clause of Article VI of the United States Constitution**, state procedures governing residential eviction must yield to the extent that their application conflicts with the rights, protections, exceptions, or procedures expressly established by the federal Bankruptcy Code.

## VIII. FEDERAL QUESTION CONCERNING THE EFFECT OF THE STATE-COURT PROCEEDING

What legal effect, if any, the pending state appellate/review proceeding has on the federal bankruptcy questions concerning possession, payment, the underlying judgment, and application of the automatic stay.

The Debtor has already filed the applicable **Petition for Review** in the Georgia state-court system. The Debtor does not ask this Court to treat the filing of that Petition for Review as automatically staying the state proceeding. Rather, the federal question is whether the issues presented in that proceeding affect the factual or legal determination that this Court must make under federal bankruptcy law.

## IX. FEDERAL QUESTION CONCERNING THE FACTUAL BASIS FOR APPLICATION OF § 362(b)(22)

Whether the Court should determine the applicability of **11 U.S.C. § 362(b)(22)** based upon the complete and accurate factual circumstances surrounding the eviction judgment, writ of possession, payments, alleged arrearage, and subsequent bankruptcy filing, rather than solely upon the existence of the writ itself.

### X. FEDERAL QUESTION CONCERNING FEDERAL JURISDICTION

Whether the Bankruptcy Court has authority to determine the federal bankruptcy-law questions concerning the scope and applicability of **11 U.S.C. § 362**, including the relationship between § 362(a), § 362(b)(22), and § 362(l), notwithstanding the existence of an underlying state-court dispossessory proceeding.

### XI. FEDERAL QUESTION CONCERNING PRESERVATION OF THE FEDERAL BANKRUPTCY RIGHTS

Whether the Court may enter appropriate relief necessary to preserve the Debtor's rights under the Bankruptcy Code while the Court determines the foregoing federal questions.

### XII. REQUEST FOR DETERMINATION

The Debtor respectfully requests that the Court consider and determine the foregoing federal questions in connection with the pending matters already before the Court.

The Debtor further respectfully requests that the Court distinguish between:

1. the existence of a state-court judgment or writ of possession;
2. the enforceability of that judgment or writ under Georgia law;
3. the applicability of the federal residential-eviction exception under **11 U.S.C. § 362(b)(22)**;
4. the requirements and protections of **11 U.S.C. § 362(l)**; and

5. the independent federal questions concerning the scope of the automatic stay under **11 U.S.C. § 362(a)**.

The Debtor submits these questions for determination under federal bankruptcy law and does not intend this filing to duplicate or replace the emergency relief already requested in the Debtor's previously filed pleadings.

Respectfully submitted, this Wednesday October ~~30th~~ 2nd, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2026, I served a true and correct copy of the foregoing **EMERGENCY MOTION FOR RECONSIDERATION OF DOC. 13 AND FOR TEMPORARY STAY PENDING HEARING**, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Tuesday, October 2nd, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T BEY II<br>DEBTOR |