**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

IN RE:

Tamerlane Timur Bey, II

Debtor(s)

CASE NO. 26-62896-lrc

Tamerlane Timur Bey, II

Appellant

v.

2018-4 IH Borrower LP

Appellee

CHAPTER 7

NOTICE TO APPELLANT AND APPELLEE

RE: NOTICE OF APPEAL FILED ON September 30, 2026

NOTICE IS GIVEN that the Appellant shall, within 14 days of September 30, 2026 the date the appeal was filed, file with the Clerk of the United States Bankruptcy Court the following:

1. A designation of the items to be included in the record on appeal and serve a copy upon the appellee (include the corresponding docket number for each pleading listed);

2. A statement of the issues to be presented and serve a copy upon the appellee; and

3. A written request for the transcript and deliver a copy to the court reporter IF the record designated includes a transcript of any proceeding or a part thereof.

NOTICE IS FURTHER GIVEN that within 14 days after the service of the appellant's statement, the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal. Without a designation of the record, the record prepared by the Clerk will consist only of the notice of appeal, the judgment, order or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court (*See* Rule 8009 of the Federal Rules of Bankruptcy Procedure.)

**YOU SHOULD REDACT (REMOVE) PERSONAL INFORMATION from the documents and exhibits in the Designated Record. Include only the last four digits of any Social Security number, taxpayer-identification number, or financial account number. Include only an individual's year of birth or the initials of a minor child** (*See* Rule 9037 of the Federal Rules of Bankruptcy Procedure.)

VANIA S. ALLEN, CLERK

By: /s/
Yahaira Lugo, Deputy Clerk

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 SEP 30 A 10:40
BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

**<u>EMERGENCY MOTION FOR STAY PENDING APPEAL</u>**

**<u>PURSUANT TO FED. R. BANKR. P. 8007</u>**

**COMES NOW Tamerlane Timur Bey, II ("Debtor"), appearing pro se, and respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007 for an emergency stay pending appeal of the Court's September 29, 2026 Order entered at Docket No. 13. In support of this Emergency Motion, Debtor respectfully shows the Court as follows:**

1. **On September 25, 2026, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.**

2. **The underlying dispute concerns residential property located at 172 North Mill Road, Atlanta, Georgia 30328.**

3. **Prior to the bankruptcy filing, a dispossessory proceeding was pending in the Magistrate Court of Fulton County, Georgia, Case No. 26ED392744.**

4. **Debtor has disputed the monetary amount asserted by Movant and has pursued relief and review in the state-court proceedings.**

5. **On September 16, 2026, a writ of possession was issued in the state-court matter.**

6. **On September 29, 2026, this Court entered an Order at Docket No. 13 addressing the applicability of the automatic stay.**

7. **Debtor has timely sought review of that Order and files this Emergency Motion pursuant to Federal Rule of Bankruptcy Procedure 8007.**

8. **Rule 8007(a)(1) permits a party to seek a stay of a bankruptcy court judgment, order, or decree pending appeal, and Rule 8007(a)(2) permits the motion to be filed before or after the notice of appeal.**

9. **Immediate relief is necessary because enforcement of the writ of possession may result in the loss of Debtor's residence before meaningful appellate review can occur.**

10. **If possession is surrendered before appellate review, the harm to Debtor may be immediate and difficult or impossible to remedy after the fact.**

11. **Debtor has raised substantial legal and factual issues concerning the application of 11 U.S.C. §§ 362(b)(22) and 362(l), the Form 101A certification, the underlying monetary dispute, and the state-court proceedings.**

12. **Debtor has also taken corrective action concerning the bankruptcy filing and continues to pursue the underlying dispute through the state-court appellate process.**

13. **A temporary stay would preserve the status quo while the appellate court considers the issues presented.**

14. **The requested stay would not finally determine the parties' respective rights. It would merely preserve the property and status quo long enough for judicial review to occur.**

15. **Debtor respectfully submits that the equities favor maintaining the status quo while the appeal is considered.**

16. **Debtor is prepared to comply with any reasonable conditions, security, or other requirements the Court determines appropriate.**

Case 26-62890-lrc Doc 24 Filed 09/30/26 Entered 09/30/26 14:56:04 Desc Main Document Page 4 of 10

**WHEREFORE, Debtor respectfully requests that the Court and prays for the following relief:**

**A. Enter an emergency stay of the September 29, 2026 Order entered at Docket No. 13 pending appeal;**

**B. Stay enforcement of the prepetition writ of possession to the extent necessary to preserve the status quo pending appellate review;**

**C. Set this Motion for an expedited hearing;**

**D. Grant such other and further relief as the Court deems just and proper.**

**Respectfully submitted this 30th day of September 2026.**

Respectfully submitted, this Wednesday September 30th, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2026, I served a true and correct copy of the foregoing **EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FED. R. BANKR. P. 8007**, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

**Tamerlane Timur Bey, II**
Debtor, Pro Se

Date: Tuesday, September 30th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>Debtor(s). | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>Movant,<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>Respondents. | Judge Ritchey Craig |

**MEMORANDUM OF LAW IN SUPPORT OF**

**DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

## I. INTRODUCTION

The Debtor respectfully requests a temporary stay pending appellate review of the September 29, 2026 Order entered at Docket No. 13.

This request is necessary because enforcement of the prepetition writ of possession may result in the loss of the Debtor's residence before the appellate issues can receive meaningful judicial review.

The Debtor does not ask this Court to finally determine every issue raised in the appeal at this stage. The immediate request is narrower: preserve the status quo long enough for the appellate process to operate.

## II. GOVERNING RULE

Federal Rule of Bankruptcy Procedure 8007 provides the procedure for obtaining a stay pending appeal.

Rule 8007(a)(1)(A) permits a party to seek a stay of a bankruptcy court judgment, order, or decree pending appeal.

Rule 8007(a)(2) provides that the motion may be filed before or after the notice of appeal.

Accordingly, the Debtor respectfully requests that the Court exercise its authority to preserve the status quo while the appeal proceeds.

## III. IMMEDIATE AND IRREPARABLE HARM

The requested relief concerns the Debtor's residence.

If the writ of possession is executed before appellate review, the Debtor may lose possession of the residence before the reviewing court has an opportunity to determine whether the Bankruptcy Court's Order was legally correct.

The resulting displacement cannot be fully remedied merely by a later determination that the Debtor's legal position was correct.

Case 26-62896-lrc Doc 24 Filed 09/30/26 Entered 09/30/26 14:56:04 Desc Main Document Page 8 of 10

The requested stay therefore serves the important judicial purpose of preserving the controversy in its existing posture while review is pending.

## IV. SUBSTANTIAL QUESTIONS PRESENTED ON APPEAL

The appeal presents substantial questions concerning the interpretation and application of 11 U.S.C. §§ 362(b)(22) and 362(l), including the effect of the Debtor's Form 101A filings and subsequent corrective actions.

The Debtor also disputes the underlying monetary obligation asserted by the Movant and has pursued related relief in the state-court proceeding.

The state-court proceedings therefore remain relevant to the factual and legal context surrounding possession of the property.

## V. PRESERVATION OF THE STATUS QUO

A stay would not adjudicate the ultimate rights of either party.

It would simply preserve the existing situation until the reviewing court has an opportunity to consider the appeal.

Without a stay, the appeal could become substantially less meaningful because possession could be transferred before appellate review is completed.

## VI. BALANCE OF THE EQUITIES

The Debtor respectfully submits that the balance of equities favors a temporary stay.

Case 26-62890-lrc Doc 20 Filed 09/30/26 Entered 09/30/26 14:56:04 Desc Main Document Page 9 of 10

The Debtor faces the immediate possibility of losing possession of his residence.

The Movant, by contrast, would not be deprived of its ability to pursue its claims. A stay would merely delay enforcement while the legal issues are reviewed.

## VII. REQUEST FOR EXPEDITED CONSIDERATION

Because the underlying writ of possession may be executed before ordinary appellate review can occur, the Debtor respectfully requests expedited consideration.

The Debtor is not requesting that the Court finally resolve the appeal through this motion. The requested relief is temporary and is intended to preserve the Court's and the appellate court's ability to review the issues without the underlying controversy becoming practically irreversible.

## VIII. CONCLUSION

For these reasons, the Debtor respectfully requests that the Court enter a temporary stay pending appeal, set the matter for expedited consideration, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of September 2026..

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

Case 26-62896-lrc Doc 24 Filed 09/30/26 Entered 09/30/26 14:56:01 Desc Main Document Page 10 of 10

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2026, I served a true and correct copy of the foregoing EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FED. R. BANKR. P. 8007, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Wednesday, September 30th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

United States Bankruptcy Court
Northern District of Georgia

In re:
Tamerlane Timur Bey, II
Debtor

Case No. 26-62896-lrc
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 113E-9 User: bncadmin Page 1 of 1
Date Rcvd: Oct 01, 2026 Form ID: pdf552 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Tamerlane Timur Bey, II, 172 North Mill Rd, Sandy Springs, GA 30328-1837 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jason L. Pettie | jpettie@gordonpettie.com GA25@ecfcbis.com;jp@trustesolutions.net;pbicknell@gordonpettie.com |
| Matthew Franklin Totten | on behalf of Creditor 2018-4 IH Borrower LP mft@tottenfirm.com jet@tottenfirm.com,mtots@recap.email |
| Office of the United States Trustee | ustpregion21.at.ecf@usdoj.gov |

TOTAL: 3