IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>Debtor(s). | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>Movant,<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>Respondents. | Judge Ritchey Craig |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT -5 P 2:51
VANIA S. ALLEN
CLERK
BY: [signature]
DEPUTY CLERK

**DEBTOR'S MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 8008, EXPRESS DISPOSITION OF PENDING DEBTOR MOTIONS, CLARIFICATION OF AUTHORITY, DETERMINATION OF FEDERAL QUESTIONS, PRESERVATION OF THE RECORD, AND RELATED RELIEF**

COMES NOW I, Tamerlane Timur Bey II ("Debtor"), proceeding pro se, respectfully moves this Court for relief under Federal Rules of Bankruptcy Procedure 8007, 8008, 9023, and 9024, 11 U.S.C. §§ 105(a), 362(a), 362(b)(22), 362(d), 362(k), and 362(l), and other applicable authority. The Debtor requests an identifiable disposition or status for each pending substantive Debtor motion, clarification of the Court's authority while an appeal is pending, determination

of the federal questions previously presented to the Court, preservation of the complete procedural record, and such further relief as is authorized.

This motion supplements and consolidates the procedural clarification requested in the Debtor's prior filings. It is not intended to refile, replace, or improperly relitigate any document already docketed. Rather, the Debtor asks the Court to identify what has been decided, what remains pending, what is stayed or otherwise affected by the pending appeal, and, where the appeal limits the Court's authority to grant requested relief, to use the indicative-ruling procedure provided by Rule 8008.

## I. PURPOSE AND NATURE OF THE REQUEST

The immediate purpose of this motion is procedural clarity. The Debtor has filed multiple motions and related documents concerning the automatic stay, the landlord's Renewed Motion for Order Confirming No Stay in Effect, the disputed payment/accounting evidence, and the appeal. Because the District Court appeal is now docketed, the Debtor requests a clear identification of the matters that remain within this Court's authority and the matters, if any, that should be deferred or addressed through Rule 8008.

The Debtor is not asserting that the Court must issue a separate written opinion on every argument made in every filing. The narrower request is that each identifiable substantive motion receive an identifiable disposition or docket status—granted, denied, deferred, moot, superseded, withdrawn, or otherwise disposed of—so that the parties and the reviewing court can accurately determine the procedural posture.

## II. RELEVANT PROCEDURAL HISTORY

1. The Debtor filed a voluntary Chapter 7 petition on September 25, 2026, commencing Bankruptcy Case No. 26-62896-LRC.

2. The underlying state proceeding is Fulton County Magistrate Court Case No. 26ED392744, involving 2018-4 IH Borrower LP and the Debtor concerning residential possession.

3. The state-court record includes an August 13, 2026 consent order concerning an asserted amount of $11,190.35 and a later application for execution of a writ of possession.

4. The preserved state-court writ of possession reflects entry on September 16, 2026.

5. The Debtor disputes the landlord's accounting and contends that payments were made that satisfy, reduce, or otherwise materially affect the alleged balance. The Debtor requests consideration of documentary payment evidence rather than asking the Court to accept an unsupported factual assertion.

6. After commencement of the bankruptcy case, the landlord filed a motion seeking an order confirming that no automatic stay prevents continuation of the state eviction process and later filed a Renewed Motion for the same relief, docketed as Bankruptcy Doc. 17.

7. The Debtor filed a Motion to Reconsider, a response, a motion concerning expedited consideration/hearing, an affidavit, a Notice of Appeal, and a Motion for Stay Pending Appeal, among other related filings.

8. The Debtor's Notice of Appeal is Bankruptcy Doc. 23, and the Debtor's Motion for Stay Pending Appeal is Bankruptcy Doc. 24.

9. The District Court appeal is Civil Action No. 1:26-CV-05692-TRJ. The District Court docket reflects an application to proceed in forma pauperis, a Bankruptcy Notice of Appeal, and a Motion to Stay. A docket-correction notification was also entered October 2, 2026.

10. On October 2, 2026, the District Court entered an order continuing the matter. The Debtor does not contend that the continuance, standing alone, constitutes a stay of the state-court writ. The Debtor identifies it because the appeal remains active and its timing is material to the procedural posture addressed by this motion.

## III. FEDERAL RULE OF BANKRUPTCY PROCEDURE 8008 — INDICATIVE RULING

Federal Rule of Bankruptcy Procedure 8008 governs indicative rulings when an appeal has been docketed and is pending and a party seeks relief that the bankruptcy court may lack authority to grant because of that appeal.

Rule 8008(a) permits the bankruptcy court to: (1) defer consideration of the motion; (2) deny the motion; (3) state that it would grant the motion if the court where the appeal is pending remands for that purpose; or (4) state that the motion raises a substantial issue. Rule 8008(b) addresses notice to the appellate court when an indicative ruling is issued, and Rule 8008(c) provides for remand by the district court or BAP when appropriate.

The Debtor therefore requests that, to the extent the pending District Court appeal limits this Court's authority to finally grant or deny any particular post-appeal request, the Court use the Rule 8008 procedure rather than leaving the procedural status uncertain.

Federal Rule of Bankruptcy Procedure 9024 expressly recognizes that Rule 8008 may govern postjudgment motion practice after an appeal has been docketed and is pending. Federal Rule of Bankruptcy Procedure 9023 likewise cross-references Rule 8008 for certain postjudgment motions.

## IV. FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 STAY PENDING APPEAL AND PROTECTION OF RIGHTS

Rule 8007(a) ordinarily requires a party to seek a stay or other specified relief first in the bankruptcy court. Rule 8007(b) permits a motion for the specified relief in the court where the appeal is pending, subject to the rule's requirements concerning impracticability or prior bankruptcy-court action and supporting facts and record materials.

Rule 8007(e) further provides that, despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may suspend or order the continuation of other proceedings in the bankruptcy case or issue an appropriate order to protect the rights of parties in interest.

The Debtor therefore asks the Court to distinguish between: (a) the separate Motion for Stay Pending Appeal already filed as Bankruptcy Doc. 24; (b) the present request for clarification and indicative ruling; and (c) any authority the Court retains under Rule 8007(e) to protect the parties' rights while the appeal is pending.

## V. EXPRESS DISPOSITION OF PENDING DEBTOR FILINGS

The Debtor respectfully requests an identifiable disposition or status, as applicable, for the following matters:

- Bankruptcy Doc. 19 — Debtor's Motion to Reconsider.
- Bankruptcy Doc. 20 — Debtor's Response.
- Bankruptcy Doc. 21 — Debtor's motion concerning shortened time/hearing, to the extent it remains pending as a separate motion.
- Bankruptcy Doc. 22 — Debtor's Affidavit, to the extent it requests relief or is incorporated into a pending motion.
- Bankruptcy Doc. 23 — Debtor's Notice of Appeal, identified as a notice rather than a motion and included for procedural completeness.
- Bankruptcy Doc. 24 — Debtor's Motion for Stay Pending Appeal.
- The Debtor's previously filed Emergency Motion for Determination of Federal Questions, Expedited Consideration, and Temporary Relief.
- The Debtor's previously filed Emergency Motion to Reconsider or Clarify the Prior Stay Determination.
- Any other pending Debtor motion that the Court determines is substantive and remains unresolved.

For any matter already decided, the Debtor asks that the operative order and disposition be identified. For any matter still pending, the Debtor asks that it be identified as pending. For any

matter affected by the appeal, the Debtor asks that the Court state whether it is deferred, denied, or appropriate for an indicative ruling under Rule 8008.

## VI. SPECIFIC REQUEST CONCERNING BANKRUPTCY DOC. 17

Bankruptcy Doc. 17 is the landlord's Renewed Motion for Order Confirming No Stay in Effect under 11 U.S.C. § 362(b)(22). The Debtor requests that the Court expressly identify the present status of Doc. 17 and any operative order addressing it.

The Debtor does not ask the Court to assume that the later-filed Form 101A, payment records, or any other document automatically resolves the statutory question. The request is for the Court to determine the legal effect of the actual filings and evidence under the text of §§ 362(a), 362(b)(22), and 362(l), including the consequences of any factual dispute that materially affects the statutory analysis.

## VII. STATUTORY FRAMEWORK 11 U.S.C. § 362

Section 362(a) provides that the filing of a bankruptcy petition operates as a stay, subject to statutory exceptions, including the continuation of covered judicial proceedings, enforcement of prepetition judgments, acts to obtain possession of property from the estate, and acts to collect or recover prepetition claims. See 11 U.S.C. § 362(a)(1), (2), (3), and (6).

Congress separately enacted § 362(b)(22), which provides an exception, subject to § 362(l), for the continuation of certain eviction or unlawful-detainer proceedings involving residential property where the lessor obtained a judgment for possession before the bankruptcy petition.

The existence of § 362(b)(22) makes the statutory question more precise than simply asking whether the automatic stay exists. The issue is whether the particular state proceeding and judgment fall within the exception as Congress defined it, and whether the requirements and procedures of § 362(l) apply on the actual record.

Section 362(d) separately governs judicial relief from the stay, including termination, annulment, modification, or conditioning of the stay after the statutory requirements are met. Section 362(k) addresses damages for willful violations of the stay in circumstances covered by that subsection.

## VIII. 11 U.S.C. § 362(l) CERTIFICATION, CURE, AND THE PREPETITION POSSESSION JUDGMENT

Section 362(l)(1) provides a specific mechanism where § 362(b)(22) would otherwise apply: if the debtor files and serves the required certification that, under applicable nonbankruptcy law, circumstances exist permitting cure of the entire monetary default that gave rise to the judgment for possession, and the debtor deposits with the clerk rent that becomes due during the first 30 days after filing, § 362(b)(22) does not apply until 30 days after the petition.

Section 362(l)(2) further provides a mechanism during that 30-day period for a debtor to certify that the entire monetary default giving rise to the possession judgment has been cured. Section 362(l)(3) establishes an objection-and-hearing procedure if the lessor challenges a certification.

Section 362(l)(4) separately addresses the situation in which a debtor indicates on the petition that a prepetition judgment for possession exists but does not file the required certification. The

Debtor therefore requests a precise determination of which subsection, if any, governs the actual filings in this case rather than a generalized conclusion that § 362(b)(22) automatically controls every aspect of the postpetition possession process.

## IX. FEDERAL QUESTIONS PRESENTED

1. Whether a state-law procedure governing possession may be applied in a manner that conflicts with, circumvents, or materially defeats a protection established by Congress under 11 U.S.C. § 362(a), subject to the exceptions Congress expressly enacted.
2. Whether the applicability and scope of the automatic stay to this prepetition residential eviction must be determined under 11 U.S.C. §§ 362(a), 362(b)(22), and 362(l), including the precise factual and procedural requirements of those provisions.
3. Whether, where the Debtor contends that the monetary obligation underlying an eviction judgment was already paid and presents documentary evidence supporting that contention, the federal court should consider the effect of those payment facts when determining the Debtor's rights under the Bankruptcy Code.
4. Whether a state-law procedure may require the Debtor to deposit into a registry an amount that the Debtor contends was already paid directly to the landlord, potentially requiring duplicative payment before the underlying payment dispute is adjudicated.
5. Whether a landlord's assertion that a balance remains unpaid may, consistent with federal bankruptcy law, conclusively determine the amount relevant to federal stay rights when the Debtor presents evidence disputing the existence or amount of that balance.

6. Whether a lease, consent agreement, waiver, stipulation, or other private document may eliminate or materially restrict a mandatory federal bankruptcy protection where federal law does not authorize such waiver.

7. Whether the Supremacy Clause requires a conflicting state-law rule or application to yield when it cannot be reconciled with controlling federal bankruptcy law.

8. Whether successive or overlapping state-law mechanisms may be applied in a manner that makes a federal bankruptcy protection practically unavailable or ineffective, contrary to federal law.

9. Whether federal law requires a meaningful opportunity to present evidence that the obligation underlying an eviction judgment was paid, satisfied, miscalculated, disputed, or otherwise extinguished when that determination materially affects the Debtor's federal bankruptcy rights.

10. Whether the Bankruptcy Court should independently determine the effect of §§ 362(a), 362(b)(22), and 362(l) on the Debtor's circumstances rather than allowing a state-law characterization of the underlying debt to conclusively determine the federal question.

## X. CENTRAL PAYMENT AND REGISTRY ISSUE

The Debtor respectfully emphasizes that the federal issue is not merely a request to avoid paying an amount that a court determines is lawfully due. The Debtor contends that payments were made and that the landlord's accounting and/or calculation of the alleged balance is disputed. The Debtor intends to rely on documentary evidence concerning those payments.

If a state procedure requires a registry deposit of the same monetary obligation that the Debtor contends was already paid directly to the landlord, requiring another payment could create a materially different federal question from an ordinary failure to pay. The Debtor therefore requests a determination of what the Bankruptcy Code requires when the existence or amount of the underlying obligation is disputed and supported by documentary evidence.

This request does not ask the Bankruptcy Court to make an unsupported factual finding that the Debtor's accounting is correct. It asks the Court to consider the evidence submitted or properly submitted and determine what legal significance, if any, those facts have under §§ 362(a), 362(b)(22), and 362(l).

## XI. STATE LAW, APPELLATE PROCEDURE, AND FEDERAL SUPREMACY

The Debtor recognizes that Georgia law governs the state dispossessory proceeding and the procedures by which a writ of possession may be issued or executed. The Debtor does not ask this Court to rewrite Georgia law. The federal question is narrower: whether any particular state-law procedure, when applied to this bankruptcy case, is consistent with the federal Bankruptcy Code and the federal court's jurisdiction.

The state-law framework implicated by the Debtor's filings includes O.C.G.A. §§ 44-7-55 and 44-7-56 concerning writs of possession and dispossessory appeals, and O.C.G.A. §§ 5-3-7 and 5-3-17 concerning review and supersedeas. The Debtor has separately presented state-law appellate and supersedeas issues to the appropriate state forum and does not ask this motion to substitute the Bankruptcy Court for that forum.

The Debtor also recognizes the general federal principle that federal bankruptcy law controls when a state-law rule cannot be reconciled with a federal bankruptcy protection enacted by Congress. The Court is respectfully asked to determine the actual interaction of the applicable state and federal provisions rather than assume either that state procedure controls the federal question or that federal law automatically resolves every state-law issue.

## XII. AUTHORITIES RELEVANT TO THE AUTOMATIC-STAY ANALYSIS

- 11 U.S.C. § 105(a) — statutory authority of the bankruptcy court to issue orders, process, or judgments necessary or appropriate to carry out the Bankruptcy Code.
- 11 U.S.C. § 362(a)(1), (2), (3), and (6) — scope of the automatic stay, including continuation of proceedings, enforcement of prepetition judgments, acts to obtain possession, and collection of prepetition claims.
- 11 U.S.C. § 362(b)(22) — statutory exception for continuation of certain residential eviction proceedings based on a prepetition judgment for possession, subject to § 362(l).
- 11 U.S.C. § 362(d) — judicial relief from the stay, including termination, annulment, modification, or conditioning after notice and hearing.
- 11 U.S.C. § 362(k) — remedies for willful violations of the automatic stay where the subsection applies.
- 11 U.S.C. § 362(l) — certification, rent-deposit, cure, objection, and hearing procedures applicable to the prepetition eviction exception.

- Fed. R. Bankr. P. 8007(a), (b), and (e) — stay pending appeal and authority, subject to the appellate court's authority, to suspend or continue proceedings or protect the rights of parties in interest.
- Fed. R. Bankr. P. 8008(a)–(c) — indicative rulings when an appeal has been docketed and is pending.
- Fed. R. Bankr. P. 9023 — motions to alter or amend and cross-reference to Rule 8008 in appropriate postjudgment circumstances.
- Fed. R. Bankr. P. 9024 — relief from a judgment or order; Rule 60 principles apply subject to bankruptcy-specific provisions, and Rule 8008 may govern postjudgment motion practice after an appeal is docketed.
- 28 U.S.C. § 158 — appellate jurisdiction over bankruptcy orders and proceedings.
- 28 U.S.C. §§ 1334 and 157 — federal bankruptcy jurisdiction and bankruptcy-court authority, subject to the statutory limits applicable to the matter presented.

## XIII. RELEVANT CASE AUTHORITIES

The following authorities are identified for the Court's consideration and are not offered as a substitute for the Court's application of the statutory text to this record.

- In re Albany Partners, Ltd., 749 F.2d 670, 674–75 (11th Cir. 1984) — discussing the automatic stay and the bankruptcy court's authority under § 362(d), including the distinction between terminating and annulling a stay.

- In re Jove Eng'g, Inc., 92 F.3d 1539, 1555–57 (11th Cir. 1996) — discussing the statutory nature of the automatic stay and remedies for a willful violation under § 362.
- Patel v. Patel, No. 23-12847, slip op. at 10–12 (11th Cir. July 8, 2025) — reiterating the broad operation of § 362(a) and the statutory authority to modify a stay under § 362(d).
- SPT Real Estate, LLC v. Peterson, No. 12-76496-LRC, slip op. (Bankr. N.D. Ga. 2013) — addressing the § 362(b)(22) eviction exception and emphasizing the statutory requirement that the covered proceeding be based on a landlord-tenant relationship between the movant and debtor.
- Davis v. Harpagon Co., LLC, 281 Ga. 250, 253, 637 S.E.2d 1 (2006) — discussing the effect of a notice of appeal and supersedeas on a trial court's authority over a judgment under Georgia law.
- Ray M. Wright, Inc. v. Jones, 239 Ga. App. 521, 521 S.E.2d 456 (1999) — relevant Georgia authority concerning appellate review and the effect of supersedeas in the dispossessory context.
- Green v. Barton, 237 Ga. App. 553, 515 S.E.2d 864 (1999) — relevant Georgia authority concerning appellate review and possession in the dispossessory context.
- Sanders v. Daniel, 302 Ga. App. 244, 690 S.E.2d 392 (2010) — relevant Georgia authority concerning dispossessory appellate procedure and the conditions governing possession during review.

## XIV. OCTOBER 2, 2026 DISTRICT COURT CONTINUANCE

On October 2, 2026, the District Court entered an order continuing the matter in Civil Action No. 1:26-CV-05692-TRJ. The Debtor understands that a continuance is not, standing alone, an order granting the separate Motion to Stay.

The continuance nevertheless confirms that the appellate proceeding remains active. The Debtor therefore asks the Bankruptcy Court to consider the continuance as part of the current procedural posture when determining whether a matter should be decided, deferred, or addressed by an indicative ruling under Rule 8008.

## XV. PRESERVATION AND CLARIFICATION OF THE COMPLETE RECORD

The Debtor respectfully requests preservation and clarification of the complete procedural record, including the state-court judgment and writ, the bankruptcy orders concerning the automatic stay, the landlord's renewed motion, the Debtor's responses and motions, and the District Court appeal.

The Debtor has observed that the current state-court electronic display does not always present historical entries in the same manner as preserved documents previously obtained. The Debtor does not ask this Court to make any finding of wrongdoing by the state court, clerk, marshal, landlord, or any other person. The request is simply that operative documents and the complete procedural history be considered from the record actually before the Court.

The Debtor specifically identifies the August 13, 2026 consent order, September 16, 2026 writ of possession, the Georgia Petition for Review and related appellate record, the bankruptcy orders concerning the automatic stay, Bankruptcy Doc. 17, Bankruptcy Docs. 19–24, and the District Court appeal as relevant components of the procedural history.

## XVI. STATUS QUO AND NO MISSTATEMENT OF AUTOMATIC STAY

The Debtor recognizes that filing this motion does not itself create an automatic stay beyond what is provided by the Bankruptcy Code and operative orders. The Debtor does not ask the Court or any clerk to treat this motion as a substitute for an order granting a stay.

The Debtor likewise does not represent that the October 2 District Court continuance itself stays the state-court writ. The requested relief is instead directed to accurate identification of the federal record, disposition of pending motions, and use of the procedural mechanisms provided by Rules 8007 and 8008 where applicable.

## XVII. REQUEST FOR EXPEDITED CONSIDERATION

Because the underlying state-court possession proceeding presents a time-sensitive issue, the Debtor respectfully requests expedited consideration to the extent permitted by the Court's calendar, applicable rules, and due process. The Debtor seeks preservation of the parties' respective rights while the Court determines the status of the pending motions and the federal questions previously raised.

## XVIII. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that the Court:

A. Expressly identify the status and disposition of each pending substantive Debtor motion and related request identified in this motion.

B. Specifically identify the present status of Bankruptcy Doc. 17 and any operative order addressing that motion.

C. Consider the October 2, 2026 District Court continuance as part of the current procedural posture of the pending appeal.

D. To the extent the pending appeal limits the Court's authority to grant requested relief, proceed under Federal Rule of Bankruptcy Procedure 8008 and, where appropriate, state whether the Court would grant the requested relief upon remand or whether the motion raises a substantial issue.

E. Clarify the operative federal orders concerning the automatic stay and the relationship of those orders to the pending appeal, without treating this motion itself as an automatic stay.

F. Determine the federal questions identified above under 11 U.S.C. §§ 362(a), 362(b)(22), and 362(l), based on the actual record and evidence properly before the Court.

G. Consider the Debtor's documentary evidence concerning payments and the disputed accounting to the extent relevant to the statutory questions presented.

H. Determine, to the extent within the Court's jurisdiction, whether any state-law rule, contractual provision, waiver, consent agreement, or registry requirement may lawfully affect a federal bankruptcy protection established by Congress.

I. To the extent authorized by law and Rule 8007(e), preserve the status quo or issue an appropriate order protecting the rights of parties in interest while the appellate proceedings continue.

J. Preserve and clarify the procedural record concerning the state-court writ, bankruptcy proceedings, and District Court appeal.

K. Grant expedited consideration to the extent appropriate because the underlying possession proceeding is time-sensitive.

L. Grant such other and further relief as the Court deems just and proper.

## XIX. CONCLUSION

The Debtor respectfully requests a clear, reviewable procedural record identifying what this Court has decided, what remains pending, and what authority remains available while the appeal is pending. The Debtor further requests that the federal statutory questions concerning the automatic stay and the prepetition eviction exception be addressed according to the Bankruptcy Code and the actual record, without treating this motion as a substitute for a stay order.

Respectfully submitted this 5th day of October, 2026.

/s/ Tamerlane Timur Bey II
Tamerlane Timur Bey II, Pro Se
Debtor

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

# CERTIFICATE OF SERVICE

I certify that on the date stated below, I served a true and correct copy of the foregoing Debtor's Comprehensive Motion for Indicative Ruling Under Federal Rule of Bankruptcy Procedure 8008, Express Disposition of Pending Debtor Motions, Clarification of Authority, Determination of Federal Questions, Preservation of the Record, and Related Relief upon all parties entitled to notice through the method required by the Bankruptcy Court's electronic filing and service procedures, including counsel for 2018-4 IH Borrower LP and the appropriate United States Trustee or other required parties.

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Friday, October , 2nd, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |