IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>Debtor(s). | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>Movant,<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>Respondents. | Judge Ritchey Craig |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT -5 P 2:51
VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

# DEBTOR'S MEMORANDUM IN SUPPORT OF STATEMENT OF FEDERAL QUESTIONS

The Debtor, Tamerlane Timur Bey, II, appearing pro se, respectfully submits this Memorandum in Support of his separately filed Statement of Federal Questions. This memorandum is intended to identify and explain the federal statutory questions presented by the interaction between the automatic stay provisions of the Bankruptcy Code, the statutory exception

concerning residential eviction judgments, the statutory certification and cure procedures, and the underlying state-court dispossessory proceedings.

This memorandum supplements, and does not replace, the Debtor's previously filed emergency motions, memoranda, declarations, appeal filings, or other pleadings.

## I. FEDERAL QUESTIONS PRESENTED

The federal questions presented include:

1. Whether and to what extent the automatic stay established by 11 U.S.C. § 362(a) applies to actions concerning the Debtor's residential property when the creditor relies upon the residential-eviction exception contained in § 362(b)(22).
2. Whether § 362(b)(22) must be applied together with the procedural protections and requirements contained in § 362(l).
3. Whether the Debtor's certifications, filings, payment efforts, and asserted ability to cure the monetary default are relevant to the application of § 362(b)(22) and § 362(l).
4. Whether a dispute concerning the amount allegedly owed, payments made or attempted, credits to which the Debtor asserts entitlement, or the circumstances surrounding the alleged default presents a federal bankruptcy question requiring determination by the Bankruptcy Court.
5. Whether state-law procedures governing the enforcement of a prepetition judgment for possession may be applied in a manner that is inconsistent with the rights and procedures expressly established by the federal Bankruptcy Code.

6. Whether the Bankruptcy Court must determine the federal effect of the state-court judgment and writ under the Bankruptcy Code rather than treating the existence of the state-court judgment or writ as independently dispositive of the federal questions presented.
7. Whether the circumstances surrounding the state-court judgment, writ of possession, payment history, and subsequent bankruptcy filings affect the applicability or operation of § 362(b)(22) and § 362(l).
8. Whether additional factual findings and/or an evidentiary hearing are necessary before the Court determines the precise scope of the § 362(b)(22) exception in this case.

## II. THE AUTOMATIC STAY IS A FEDERAL STATUTORY PROTECTION

Section 362(a) provides that the filing of a bankruptcy petition operates as a stay of specified acts against the debtor and property of the estate.

Among other things, § 362(a) generally stays the continuation of actions against the debtor, enforcement of prepetition judgments, acts to obtain possession of property from the estate, and certain acts to collect prepetition claims.

The automatic stay is therefore a federal statutory protection created by Congress. Its application is determined by the Bankruptcy Code and the applicable federal bankruptcy rules, subject to the exceptions Congress expressly enacted.

The issue presented here is not whether a state-court judgment existed. The federal question is what legal effect that judgment and the resulting writ have under the Bankruptcy Code after the filing of this Chapter 7 case.

## III. SECTION 362(b)(22) EXPRESSLY INCORPORATES SECTION 362(l)

Congress created a specific exception concerning residential eviction proceedings.

Section 362(b)(22) provides that, subject to subsection (l), the automatic stay does not apply to the continuation of an eviction or similar proceeding involving residential property where the lessor obtained a judgment for possession before the bankruptcy petition was filed.

The phrase "subject to subsection (l)" is significant.

Congress did not enact § 362(b)(22) as an entirely independent rule that operates without regard to § 362(l). Instead, the statutory scheme expressly connects the eviction exception to the certification, deposit, cure, objection, and hearing provisions contained in § 362(l).

Accordingly, the federal question is not simply whether a prepetition judgment for possession exists. The Court must also determine how the requirements and protections of § 362(l) apply to the facts presented.

## IV. SECTION 362(l) CREATES A SPECIFIC FEDERAL PROCEDURE

Section 362(l) provides a statutory mechanism under which a debtor may assert that, under applicable nonbankruptcy law, circumstances exist permitting the debtor to cure the entire monetary default that gave rise to the judgment for possession after entry of that judgment.

The statute also addresses the deposit of rent becoming due during the initial 30-day period following bankruptcy filing.

Section 362(l) further provides a procedure for a lessor to object to a debtor's certification. When an objection is filed, the statute directs the bankruptcy court to conduct a hearing within ten days to determine whether the certification is true.

Thus, Congress established a specific federal procedure for determining disputed issues concerning the certification and application of the residential-eviction exception.

The Debtor therefore respectfully submits that the federal questions identified in his Statement of Federal Questions cannot be resolved solely by reference to the existence of the underlying state-court judgment or writ without considering the requirements of §§ 362(b)(22) and 362(l).

## V. THE INTERACTION BETWEEN STATE EVICTION PROCEDURES AND THE BANKRUPTCY CODE PRESENTS A FEDERAL QUESTION

The Debtor recognizes that the underlying dispossessory proceeding arose under Georgia law and that the state court determined issues arising under Georgia landlord-tenant law.

The federal question is different.

The question before this Court concerns the legal effect of those state-court proceedings after the commencement of a federal bankruptcy case and under the specific provisions enacted by Congress in Title 11.

State law may determine matters such as the existence and enforceability of a landlord-tenant obligation or the procedures by which possession is obtained under state law. However, the federal Bankruptcy Code determines the operation of federal bankruptcy protections and exceptions.

Accordingly, where the application of state eviction procedures intersects with §§ 362(a), 362(b)(22), and 362(l), the resulting question of federal bankruptcy law is properly presented to this Court.

## VI. THE PAYMENT HISTORY AND DISPUTED AMOUNTS MAY BE RELEVANT TO THE FEDERAL QUESTIONS

The Debtor further submits that the Court should consider the factual circumstances concerning the alleged monetary default, including payments made, payments attempted, amounts claimed, credits asserted, and communications concerning payment, to the extent those facts bear upon the statutory requirements at issue.

The existence of a state-court judgment does not eliminate the need to determine what federal statutory consequences Congress attached to that judgment.

Where the parties dispute the factual circumstances relevant to the operation of § 362(l), those factual disputes may affect the legal determination required under the Bankruptcy Code.

The Debtor therefore requests that the Court distinguish between:

1. the existence of the state-court judgment;
2. the amount allegedly owed;
3. the Debtor's payment history and efforts to cure;
4. the legal availability of a cure under applicable nonbankruptcy law; and
5. the resulting application of §§ 362(b)(22) and 362(l).

## VII. THE COURT SHOULD DETERMINE THE FEDERAL EFFECT OF THE STATE-COURT PROCEEDINGS

The Debtor does not ask this Court to function as an appellate court over the underlying state dispossessory judgment.

Rather, the Debtor asks this Court to determine the federal bankruptcy consequences of the judgment and writ.

The distinction is important.

The question is not whether the state court correctly entered its judgment under Georgia law. The question is whether, and to what extent, that judgment permits continuation of

eviction-related proceedings under the federal statutory framework governing the automatic stay.

That question arises under Title 11 and requires application of federal bankruptcy law.

## VIII. AN EVIDENTIARY DETERMINATION MAY BE NECESSARY

To the extent the parties dispute the facts relevant to the statutory requirements, the Debtor respectfully requests that the Court make whatever factual findings are necessary before entering a final determination concerning the applicability of the residential-eviction exception.

Relevant factual issues may include:

- the date and terms of the state-court judgment;
- the date and nature of the writ of possession;
- the amount allegedly constituting the monetary default;
- payments made or attempted by the Debtor;
- whether payments were accepted, rejected, returned, or otherwise credited;
- the circumstances concerning the Debtor's efforts to cure;
- the certifications filed under § 362(l);
- the timing of those certifications;
- any objection filed by the lessor;
- and any other facts bearing upon the statutory requirements.

The Debtor respectfully submits that these issues should be determined under the federal statutory framework rather than assumed from the existence of the underlying writ alone.

## IX. FEDERAL LAW CONTROLS THE FEDERAL BANKRUPTCY QUESTIONS

The Supremacy Clause establishes that federal law is supreme over conflicting state law.

The Debtor does not contend that federal bankruptcy law eliminates Georgia's landlord-tenant laws or prevents Georgia courts from adjudicating state-law dispossessory matters.

Instead, the Debtor contends that once a federal bankruptcy case is commenced, the federal consequences of the state-law judgment must be determined under federal bankruptcy law.

Congress specifically addressed residential eviction judgments in § 362(b)(22) and expressly made that provision subject to § 362(l).

Therefore, the Court should interpret and apply those federal provisions according to their statutory terms.

## X. RELIEF REQUESTED

For the foregoing reasons, the Debtor respectfully requests that the Court:

1. Consider the federal questions identified in the Debtor's separately filed Statement of Federal Questions;

2. Determine the applicability and scope of 11 U.S.C. §§ 362(a), 362(b)(22), and 362(l) to the circumstances presented in this case;
3. Determine the federal bankruptcy consequences of the prepetition state-court judgment and writ of possession;
4. Consider the Debtor's certifications, payment history, attempted payments, and other facts to the extent relevant to the statutory questions;
5. Conduct an evidentiary hearing if the Court determines that disputed factual issues must be resolved before deciding the federal questions;
6. Determine whether the residential-eviction exception applies to the particular circumstances presented here and, if so, the precise extent of that exception; and
7. Grant such other relief concerning the federal questions as the Court determines appropriate.

Respectfully submitted, this Wednesday October 30th, 2026.

Debtor, Pro Se

Case No. 26-62896-LRC

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2026, I served a true and correct copy of the foregoing EMERGENCY MOTION FOR RECONSIDERATION OF DOC. 13 AND FOR TEMPORARY STAY PENDING HEARING, together with all accompanying exhibits, upon counsel for Movant and all other parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia.

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Tuesday, October 2nd, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |