IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

IN RE:

TAMERLANE TIMUR BEY, II,

Debtor(s).

2018-4 IH BORROWER LP,

Movant,

v.

Tamerlane Timur Bey, II, Debtor(s),
Office of the United States Trustee, Trustee[1]

Respondents.

CASE NO. 26-62896-LRC
CHAPTER 7

Judge Ritchey Craig

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT -9 P 3:50
VANIA S. ALLEN
CLERK
BY: ______
DEPUTY CLERK

**DEBTOR'S EMERGENCY MOTION TO CONTINUE OCTOBER 14, 2026 HEARING, FOR EXPEDITED CONSIDERATION, AND FOR ALTERNATIVE PROCEDURAL RELIEF**

COMES NOW I, Debtor Tamerlane Timur Bey, II ("Debtor"), appearing pro se, respectfully moves for an emergency, brief continuance of the hearing set for October 14, 2026, at 9:45 a.m. in Courtroom 1204. Debtor files this motion promptly because the hearing is imminent and asks the

Court to decide the request before the scheduled hearing. In support, Debtor states as follows:

1. On October 6, 2026, the Court entered an Order and Notice of Hearing setting the October 14, 2026 hearing concerning, among other matters, Debtor's Emergency Motion for Reconsideration of Doc. 13 and for Temporary Stay Pending Hearing (Doc. 19), Debtor's Emergency Motion for Stay Pending Appeal under Fed. R. Bankr. P. 8007 (Doc. 24), and the creditor's renewed motion concerning confirmation that no stay is in effect (Doc. 17).

2. The Court's order states that the request for a stay pending the hearing was denied and that the Court will consider whether to grant a stay pending appeal at the hearing. Debtor understands the urgency of the matter and does not contend that filing this motion itself stays enforcement or changes any existing order.

3. Debtor is representing himself without counsel and has not yet had sufficient time to complete the preparation necessary to present his position fully and coherently on the pending matters. The hearing concerns several related motions and potentially consequential relief. Debtor needs a short, defined period to review the docket and governing orders, organize the relevant record, prepare his legal

arguments, identify and assemble supporting documents, and prepare a focused oral presentation.

4. Debtor is not asking for an indefinite delay and is not seeking to avoid the hearing. He seeks a brief continuance so that the Court can receive a prepared, organized presentation on the issues before it rather than an incomplete presentation caused by the limited time remaining before the scheduled hearing. Debtor is willing to comply with a firm reset date and any reasonable filing or service deadlines imposed by the Court.

5. The request is made in good faith and promptly after entry of the October 6 order. The current hearing date is only a few days away. Without a short continuance, Debtor will have substantially limited time to complete preparation on multiple pending matters. The requested relief is narrow: a continuance to the earliest date convenient to the Court, preferably within 7–14 days, or another short period the Court considers appropriate.

6. Fed. R. Bankr. P. 9014(a) provides that, in a contested matter, reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought. Debtor recognizes that this rule does not automatically require a continuance, but submits that a

short continuance would support a meaningful and orderly opportunity to present his position on the contested matters scheduled for hearing.

7. Fed. R. Bankr. P. 9013 requires a written motion to state its grounds with particularity and identify the relief requested. This motion identifies the imminent hearing, the limited preparation time remaining, the concrete preparation needed, and the specific continuance requested. Fed. R. Bankr. P. 9006(b) authorizes enlargement of certain time periods prescribed by the Bankruptcy Rules or court order for cause shown, subject to applicable limitations; Debtor invokes it only to the extent the Court determines an enlargement of a procedural deadline, rather than a calendar continuance alone, is implicated.

8. Northern District of Georgia Bankruptcy Local Rule 5071-1 provides that a continuance of a hearing requires approval of the Bankruptcy Court. Debtor therefore requests an order from the Court rather than relying on an informal agreement or correspondence. BLR 9003-2 further provides that requests for relief, including extensions of time, must be made by written motion or other filed paper, not by letter or email.

9. Because the scheduled hearing is imminent, Debtor also requests expedited consideration under BLR 9006-2. That rule permits the Court, upon written motion and good cause shown, to shorten time for notice and hearing in an emergency matter requiring immediate attention; it also directs a party filing a matter requiring immediate judicial attention to advise chambers staff of the filing. Debtor requests prompt consideration and will follow the Court's applicable procedures for notifying chambers staff that this emergency motion has been filed.

10. If the Court declines to continue the hearing, Debtor respectfully requests, in the alternative, a limited procedural accommodation that the Court deems appropriate, such as permission to submit a concise supplemental written statement and supporting materials by a deadline set by the Court, or to address a defined portion of the pending matters at a later date. Debtor understands that any such alternative is subject to the Court's discretion.

11. Debtor will promptly serve this motion on all parties entitled to notice in the manner required by the applicable Bankruptcy Rules, Local Rules, and Court orders. Debtor understands that the October 14 hearing remains scheduled unless and until the Court enters an order continuing it.

## REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests that the Court:

(a) continue the October 14, 2026 hearing for a brief period, preferably 7–14 days or to the earliest date the Court can accommodate;

(b) consider this motion on an expedited basis before the scheduled hearing;

(c) alternatively, permit a concise supplemental submission or other limited procedural accommodation set by the Court; and

(d) grant such other relief as the Court deems just and proper.

Respectfully submitted October 9th 2026,

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Friday, October , 9th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I certify that on October 9th 2026, I served a true and correct copy of this motion on all parties entitled to notice in the manner required by the applicable Federal Rules of Bankruptcy Procedure, Local Rules, and Court orders, including counsel for 2018-4 IH Borrower LP, Matthew Franklin Totten, The Totten Firm, LLC, 5579 Chamblee Dunwoody Road, Suite B-136, Atlanta, Georgia 30338, and any other parties required to be served.

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Friday, October , 9th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |