FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 OCT 29 A 10: 13

VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>Debtor(s). | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>Movant,<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>Respondents. | Judge Ritchey Craig |

**DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 7 CASE**
**AND MEMORANDUM OF LAW IN SUPPORT**

Debtor Tamerlane Timur Bey, II ("Debtor"), appearing pro se, respectfully moves the Court for an order dismissing this voluntary Chapter 7 case. This motion is made under 11 U.S.C. § 707(a) and Federal Rules of Bankruptcy Procedure 1017 and 9014. In support, Debtor states as follows:

## I. RELEVANT BACKGROUND AND REQUEST

1. Debtor commenced this voluntary Chapter 7 case on September 25, 2026, Case No. 26-62896-LRC.

2. Debtor no longer wishes to pursue this bankruptcy case. After reconsidering the matter, Debtor has decided not to continue with the bankruptcy process and requests dismissal of the entire case, rather than withdrawal of any single motion, application, or other filing.

3. Debtor makes this request voluntarily and in good faith. Debtor is not asking the Court to decide the merits of any separate eviction, state-court, or appellate proceeding through this motion.

4. Debtor requests that the Court consider the request on the written submissions to the extent permitted by the Bankruptcy Code, the Bankruptcy Rules, and the Court's procedures. Debtor does not request an evidentiary hearing, but understands that the Court may be required to conduct a hearing on notice.

## II. GOVERNING LAW

**5.** Section 707(a) of the Bankruptcy Code provides that a Chapter 7 case may be dismissed only for cause and only after notice and a hearing. 11 U.S.C. § 707(a). The statute lists examples of cause, including unreasonable delay prejudicial to creditors and certain fee or filing failures; that list is not exhaustive.

**6.** Federal Rule of Bankruptcy Procedure 1017(a) generally provides that a case is not dismissed on the debtor's motion before a hearing on notice under Rule 2002, subject to the exceptions stated in the rule. Fed. R. Bankr. P. 1017(a). Rule 9014 governs motion practice in contested matters. Fed. R. Bankr. P. 9014.

**7.** Accordingly, Debtor recognizes that dismissal of a Chapter 7 case is not automatic merely because the debtor requests it. The Court must determine whether dismissal is authorized under the governing law and may direct notice, a hearing, or additional submissions.

## III. ARGUMENT

**8.** Debtor's request is straightforward: Debtor no longer wishes to proceed with this case and asks the Court to end the bankruptcy proceeding. Debtor is not seeking to use this motion to obtain a ruling on any separate dispute, nor does Debtor ask the Court to treat this filing itself as an order of dismissal.

**9.** Debtor respectfully asks the Court to consider the stated reason and the circumstances of the case in deciding whether dismissal for cause is appropriate under § 707(a). Debtor acknowledges that the decision rests with the Court and that the Court may deny the motion if the statutory standard is not met.

## IV. NOTICE OF IMPORTANT CONSEQUENCES

**10.** Debtor understands that filing this motion does not itself dismiss the case. Dismissal becomes effective only if and when the Court enters an order. Dismissal is not a discharge of debts. Under 11 U.S.C. § 362(c)(2)(B), the automatic stay

generally terminates upon dismissal, and creditors may be able to resume collection or eviction activity, subject to other applicable orders and law. Debtor further understands that any separate appeal or stay request must be evaluated under the rules governing that proceeding; this motion does not itself preserve or extend any stay.

## V. REQUEST FOR RELIEF

**WHEREFORE,** Debtor respectfully requests that the Court: (a) consider this motion under 11 U.S.C. § 707(a) and Federal Rule of Bankruptcy Procedure 1017; (b) dismiss the entire Chapter 7 case if the Court determines dismissal is legally appropriate; and (c) grant such other relief as the Court deems just and proper.

Respectfully submitted this 29th day of October, 2026.

/s/ Tamerlane Timur Bey II
Tamerlane Timur Bey II, Pro Se
Debtor

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |

## CERTIFICATE OF SERVICE

I certify that on October 29th, 2026, I served a true and correct copy of the foregoing Debtor's Motion for Voluntary Dismissal of Chapter 7 Case and Memorandum of Law in Support on the persons or entities required to receive service under the applicable Bankruptcy Rules and any Court order, using the required method of service.

Tamerlane Timur Bey, II
Debtor, Pro Se

Date: Friday, October 29th, 2026

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |